**Antonio MELENDEZ, Relator,**

v.

**Honorable Homer SALINAS, Judge, 92nd Judicial District Court, Hidalgo County, Texas, Respondent.**

**No. 13–94–394–CV.**

Court of Appeals of Texas, Corpus Christi.

Sept. 9, 1994.

Ordered Published Oct. 13, 1994.

---

Nereda Morales–Martinez, Asst. Crim. Dist. Atty., Edinburg, for intervenor.

Jerome Wesevich, Edinburg, Santos Maldonado, Jr., Pharr, for relator.

Homer Salinas, Edinburg, for respondent.

Before SEERDEN, C.J., and GILBERTO HINOJOSA and YAÑEZ, JJ.

## OPINION

YAÑEZ, Justice.

Antonio Melendez, relator, is an indigent defendant in a pending criminal case in the 92nd District Court presided over by respondent, the Honorable Homer Salinas. Melendez seeks a writ of mandamus directing Judge Salinas to conduct a pre-trial hearing on a motion to replace appointed counsel. We will conditionally grant the writ.

Melendez has been incarcerated in the Hidalgo County Jail since April 4, 1993, on a charge of attempted murder. The trial court appointed the Honorable Santos Maldonado to represent Melendez on June 14, 1993. On August 10, 1994, the Honorable Jerome Wesevich, an attorney with Texas Rural Legal Aid, filed a motion in respondent's court, on Melendez's behalf, seeking to replace appointed counsel Maldonado. Melendez asserted that since being appointed, Maldonado failed to communicate with him, except for three brief incidents totalling twenty minutes, and failed to properly investigate his case or provide adequate representation. The motion came before Judge Salinas on August 15, with Maldonado, Melendez, and Wesevich present. Judge Salinas refused to consider the merits of the motion or to recognize Wesevich's authority to argue the motion.

When a defendant voices a seemingly substantial complaint about counsel, the trial judge should make a thorough inquiry into the reasons for the defendant's dissatisfaction. *Wilson v. Mintzes,* 733 F.2d 424, 428 (6th Cir.1984); *United States v. Young,* 482 F.2d 993, 995 (5th Cir.1973). Such an inquiry is necessary if the court is to determine whether good cause for substitution of counsel exists. *Wilson,* 733 F.2d at 428. Failing to conduct such an inquiry is normally reversible error. *Young,* 482 F.2d at 995.

Given the length of Melendez's incarceration and Melendez's allegations regarding the conduct of his appointed counsel, we find that Melendez has raised a substantial complaint about his appointed counsel's representation and that Judge Salinas should have conducted a hearing into the merits of Melendez's complaints.

We further find from the documents submitted to this Court and from the record of the limited proceedings held before Judge Salinas on August 15 that the Honorable Jerome Wesevich has the authority to appear on Melendez's behalf.

Accordingly, we conditionally grant the writ of mandamus and direct Judge Salinas to conduct a hearing on Melendez's motion. The writ, however, will not issue unless the respondent fails to comply with this opinion. If Judge Salinas fails to comply with this opinion, Melendez may petition this Court for issuance of the writ.