TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00643-CR







James Earl Crayton, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 47,417, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







 After the jury found appellant guilty of aggravated sexual assault, Tex. Penal Code Ann.
§ 22.021(A) (West 1994), the trial court assessed punishment, enhanced by two prior felony convictions,
at seventy-five years' confinement and a fine of $5,000. In a single point of error, appellant contends the
trial court abused its discretion by denying appellant's pro se motion to discharge his court-appointed
counsel prior to the punishment hearing and appoint a new attorney without conducting a hearing on his
motion. We will overrule appellant's point of error and affirm the judgment of the trial court.

 The evidence most favorable to the jury's verdict shows that on the night of March 17,
1997, the victim, deaf in one ear and partially deaf in the other, left a club in Temple with appellant. 
Appellant pulled the victim into a shed and knocked out three of her teeth. Appellant's blow was of such
force that the victim hit the ground. Appellant then forced the victim to engage in various sexual acts.

 At the beginning of the punishment phase of the trial, appellant presented a pro se motion
to discharge his court-appointed attorney because he was "ineffective." After being asked if he had any
evidence to support his motion, appellant stated he wanted a new attorney because:


 I just wrote down some reasons. I feel that Mr. Hewitt [appellant's counsel]
wasn't doing his job to the fullest of his ability. I felt Mr. Hewitt was not prepared when
we went to trial. I just feel that he didn't defend me to the fullest of his ability so I want--I
would just like to ask for another attorney. I sent a letter to the district clerk and one to
you, Miss Trudo.


 THE COURT: Well, I have a copy of your letter here.



 The trial court denied appellant's motion. Defense counsel advised the court he was not
ready for the punishment hearing because appellant had been uncooperative. The court granted a two
weeks' continuance and directed appellant to cooperate with defense counsel. (1)

 Appellant stresses that the issue is not whether counsel gave his best efforts or failed to
prepare for trial, but rather that the trial court failed to conduct a full hearing in order to make the decision. 
In Burger v. State, 816 S.W.2d 424 (Tex. Crim. App. 1991), the court considered a trial court's options
when the defendant makes an eleventh-hour request for change of counsel. The Burger court stated:


 A trial court has essentially three options when confronted with an accused who makes an
eleventh hour request for change of counsel. First, at its discretion the court can
appoint, or allow the accused to retain, new counsel. Second, should the trial court
deny new counsel, and the accused unequivocally assert his right to self-representation,
persisting in that assertion after proper admonishment, the court must allow the accused
to represent himself. Third, unless the trial court allows new counsel, it must compel an
accused who will not waive counsel and does not assert his right to self-representation to
proceed to trial with the lawyer he has, whether he wants to or not.



Id. at 428-29 (emphasis added) (citations omitted). A defendant does not have the right to have his own
choice of appointed counsel, and unless he shows adequate reason for the appointment of new counsel,
he must accept the counsel appointed by the court. See Garner v. State, 864 S.W.2d 92, 98 (Tex.
App.--Houston [1st Dist.] 1993, pet. ref'd).

 When a defendant voices a substantial complaint about counsel, the trial judge should make
a thorough inquiry into the reasons for the defendant's dissatisfaction. See Wilson v. Nintzes, 733 F.2d
424 (6th Cir. 1984); Melendez v. Salinas, 895 S.W.2d 714 (Tex. App.--Corpus Christi 1994, no pet.). 
In Wilson, defense counsel and the trial judge had an ongoing verbal altercation about counsel's
preparation for the case outside the presence of the jury. Wilson, 733 F.2d at 427. In the presence of the
jury, defense counsel stated that he would make no further objections, he would refuse to continue the trial,
and he was no longer the defendant's attorney. Id. at 428. The court held that the defendant had good
cause to request new counsel. Id. In Melendez, the defendant sought a mandamus to direct the trial judge
to hold a pretrial hearing on his motion to replace his appointed counsel. The defendant's motion alleged
that he had been incarcerated for fourteen months during which time counsel had only communicated with
him for a total of twenty minutes, and that counsel had failed to properly investigate the case. The
Melendez court held that the defendant had raised a substantial complaint about his counsel and the trial
court should have conducted a hearing into the merits of the defendant's complaints. Melendez, 895
S.W.2d at 715. 

 "In the absence of a conflict which presents such a Sixth Amendment problem, the trial
court has discretion to decide whether to grant a continuance during the course of trial for the substitution
of counsel, and that decision will be reversed only if the court has abused its discretion." United States
v. Young, 482 F.2d 993, 995 (5th Cir. 1973). In the instant cause, appellant's complaint came at the
eleventh hour. The trial court afforded appellant an opportunity to state his reasons why counsel should
be replaced. It would appear that appellant had ample time to prepare his reasons for his dissatisfaction
with counsel since he had reduced them to writing and had mailed a copy to the trial court. Appellant's
complaint that his counsel had told the court at the beginning of the punishment phase that the evidence had
been overwhelming against his client was merely the recognition of a fact and does not bolster appellant's
position. Appellant's complaints voiced to the trial judge were conclusory in nature and were not
supported by any specifics to support his complaints. We hold that the trial court did not abuse its
discretion in failing to hold any further hearing on appellant's motion. Appellant's point of error is
overruled.

 The judgment is affirmed.





 

 Tom G. Davis, Justice

Before Justices Powers, Aboussie and Davis*

Affirmed

Filed: June 25, 1998

Do Not Publish




































* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).
1. The record reflects that appellant elected not to testify at the punishment phase. Defense counsel
asked the court to take into consideration that appellant was married, had a child, and the "PSI" showed
that his previous convictions were for property crimes. Defense counsel pointed out that because of the
nature of the offense, appellant would have to serve about one-half of his time and urged that he should
receive no more than twenty or twenty-five years.



. ref'd).

 When a defendant voices a substantial complaint about counsel, the trial judge should make
a thorough inquiry into the reasons for the defendant's dissatisfaction. See Wilson v. Nintzes, 733 F.2d
424 (6th Cir. 1984); Melendez v. Salinas, 895 S.W.2d 714 (Tex. App.--Corpus Christi 1994, no pet.). 
In Wilson, defense counsel and the trial judge had an ongoing verbal altercation about counsel's
preparation for the case outside the presence of the jury. Wilson, 733 F.2d at 427. In the presence of the
jury, defense counsel stated that he would make no further objections, he would refuse to continue the trial,
and he was no longer the defendant's attorney. Id. at 428. The court held that the defendant had good
cause to request new counsel. Id. In Melendez, the defendant sought a mandamus to direct the trial judge
to hold a pretrial hearing on his motion to replace his appointed counsel. The defendant's motion alleged
that he had been incarcerated for fourteen months during which time counsel had only communicated with
him for a total of twenty minutes, and that counsel had failed to properly investigate the case. The
Melendez court held that the defendant had raised a substantial complaint about his counsel and the trial
court should have conducted a hearing into the merits of the defendant's complaints. Melendez, 895
S.W.2d at 715. 

 "In the absence of a conflict which presents such a Sixth Amendment problem, the trial
court has discretion to decide whether to grant a continuance during the course of trial for the substitution
of counsel, and that decision will be reversed only if the court has abused its discretion." United States
v. Young, 482 F.2d 993, 995 (5th Cir. 1973). In the instant cause, appellant's complaint came at the
eleventh hour. The trial court afforded appellant an opportunity to state his reasons why counsel should
be replaced. It would appear that appellant had ample time to prepare his reasons for his dissatisfaction
with counsel since he had reduced them to writing and had mailed a copy to the trial court. Appellant's
complaint that his counsel had told the court at the beginning of the punishment phase that the evidence had
been overwhelming against his client was merely the recognition of a fact and does not bolster appellant's
position. Appellant's complaints voiced to the trial judge were conclusory in nature and were not
supported by any specifics to support his complaints. We hold that the trial court did not abuse its
discretion in failing to hold any further hearing on appellant's motion. Appellant's point of error is
overruled.

 The judgment is affirmed.





 

 Tom G. Davis, Justice

Before Justices Powers, Aboussie and Davis*

Affirmed

Filed: June 25, 1998

Do Not Publish




































* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).
1. The record reflects that appellant elected not to testify at the punishment phase. Defense counsel
asked the court to take into consideration that appellant was married, had a child, and the "PSI" showed
that his previous convictions were for property crimes. Defense counsel pointed out th