Opinion issued July 1, 2004



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00444–CR




LESTER ERWIN CARROLL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 944193




O P I N I O N

          Appellant, Lester Erwin Carroll, pleaded not guilty to the felony offense of
robbery and pleaded true to two prior felony convictions alleged as punishment
enhancements. A jury found appellant guilty, found the enhancement paragraphs
true, and assessed his punishment at life in prison. In three issues on appeal,
appellant contends that the trial court erred by denying appellant’s motion to proceed
pro se, by not conducting a hearing on his motion to substitute appointed counsel, and
by denying that motion. We affirm. 
Factual Background
          In December, 2001, appellant snatched the complainant’s purse in a shopping-center parking lot, struggled with the complainant, and punched her in the face. He
also punched a female eyewitness who intervened to assist the complainant. 
Appellant represented to complainant that he had a gun, although he did not. 
Appellant fled, followed by eyewitnesses and others who gave chase until they
eventually caught and detained him for police by surrounding him after he had
climbed onto a roof. 
Procedural Background
1.       From December 2001 to November 2002, Appellant Requested
Appointed Counsel

          Appellant was charged with robbery in the 209th District Court and requested
court-appointed counsel by signing a sworn document stating that he desired
appointed counsel because he was financially unable to hire an attorney. Between
December 21, 2001 and September 18, 2002, Charles Hinton, who was appointed to
represent appellant, appeared thirteen times in court on appellant’s behalf. When
charges for escape were filed against appellant, the judge of the 209th District Court
recused himself and his staff, because they were possible witnesses to the escape
offense, and appellant’s case was transferred to the 262nd District Court. On
November 13, 2002, the 262nd trial court appointed Ricardo Gonzalez


 to represent
despite appellant’s refusal to sign


 a document requesting counsel.



2.       Appellant Affirms Decision Not to Proceed Pro Se on December 9,
2002

          On December 9, 2002, the trial court conducted the following hearing:
Trial Court: All right. We are here in order to talk again


 about
your wish to represent yourself. Is that what you
wish to do?
 
Defendant: No, sir. I’ve talked with my attorney and I’ve
decided to allow him to represent me. 
 
          Trial Court:            Okay. For what it’s worth, I think that’s a good choice.
 
          Defendant:             Yes, Sir. 

          Following the hearing, the case was reset. The reset form was signed by the
attorney for the State, Gonzalez, and appellant, and contained a notation that
appellant rejected, and the State thereafter withdrew, plea-bargain offers of 20 years
for the robbery case and 30 years for the escape case. 
3.       Appellant’s March 13, 2003 Request to Proceed Pro Se



          On March 13, 2003, shortly over one month before the scheduled trial date,
appellant filed with the court a written “Motion to Proceed Pro Se.” Attached to his
motion was a copy of a March 3, 2002 letter that appellant wrote to Gonzalez to
complain of Gonzalez’s performance in representing him. In his letter to Gonzalez,
appellant stated, “I am forced to choose between self-representation or ineffective
assistance of counsel. It is my intention to motion the court to allow me to proceed
pro se.” The trial court denied appellant’s motion the next day. The record does not
reflect that the trial court held a hearing on appellant’s motion or why the trial court
denied the motion.
4.       Appellant’s March 24, 2003 Motion for Substitute Counsel
          On March 24, 2003, appellant filed a motion entitled, “Motion for Substitute
Counsel,” in which he complained of Gonzalez’s performance. The trial court denied
the motion the next day. 
5.       Appellant’s March 27, 2003 “Acting Pro Se” Motion to Recuse the
Trial Judge
          On March 27, 2003, appellant filed a pro se “Motion for Recusal.” The motion
stated, “. . . it is necessary that I file this motion pro se. Due to that dire situation of
being unable to communicate with my court-appointed attorney. . . .” The document
was signed “Lester Erwin Carroll IV, Pro Se.” After conducting a hearing on the
motion, the trial court declined to recuse and referred appellant’s motion to recuse to
the presiding judge of the Second Administration Region. The documents pertaining
to the recusal of the trial court judge are the only documents in the clerk’s record that
appellant filed with the stated designation that he was acting “pro se.”
6.       Appellant’s April 2, 2003 Request For Appointed Counsel 
          After the State reindicted the cases and assigned new cause numbers,


 appellant
signed the following document, on April 2, 2003, in which he stated, “Lester E.
Carroll . . . respectfully petitions the Court to appoint counsel to represent him/her in
this cause and would show the court that he/she is financially unable to hire an
attorney.” Appellant swore to the statement and signed it before the Deputy District
Clerk. That same day, the trial court again appointed Gonzalez to represent appellant.
7.       Appellant’s Postreappointment Complaints About Trial Counsel
          Appellant submitted three written documents to the trial court to complain
about Gonzalez’s representation after he was reappointed to represent appellant on
April 2, 2003. On April 8, 2003,


 appellant sent a letter to the trial court requesting
appointment of substitute counsel to replace Gonzalez, who, appellant claimed, was
providing ineffective assistance. Then, on April 11, 2003, appellant filed a “Motion
to Enter Written Communication from Defendant to Court-Appointed Counsel Into
the Court Record.” Appellant attached to the motion a letter to Gonzalez in which
appellant enumerated seven requests made to Gonzalez. Lastly, on April 17, 2003,
appellant filed a “Motion for Continuance,” in which he stated that Gonzalez was
inadequately prepared for trial and asked that the trial court reset the jury trial to give
his counsel “additional time to provide effective assistance.” The trial court did not
conduct a hearing or rule on appellant’s motion for continuance, but nevertheless
reset the trial date, at Gonzalez’s request, from April 17, 2003 to April 28, 2003. 
8.       The Jury Trial
          When the jury trial began on April 30, 2003, Gonzalez filed a motion
requesting that the jury assess appellant’s punishment. Appellant signed that motion. 
Gonzalez acted as appellant’s attorney and performed all of his trial responsibilities
throughout the two-day trial. Appellant did not voice any objections or complaints
about Gonzalez at any time during trial. Likewise, appellant did not ask to perform
any of his counsel’s roles during the trial. Motion to Proceed Pro Se
          In his first issue, appellant contends that the trial court erred by denying his
motion to represent himself at trial. The State contends that appellant abandoned his
motion to proceed pro se and waived his right to self-representation. The Sixth
Amendment of the federal constitution guarantees both the right to counsel and the
corresponding right to self-representation. Faretta v. California, 422 U.S. 806, 819,
95 S.Ct. 2525, 2533 (1975); Hathorn v. State, 848 S.W.2d 101, 122-23 (Tex. Crim.
App. 1992); see also Hatten v. State, 71 S.W.3d 332, 334 (Tex. Crim. App. 2002)
(noting that Faretta rights triggered when accused contests guilt); Tex. Code Crim.
Proc. Ann. art. 1.05 (Vernon 1977) (recognizing right of accused to be heard by
himself, through counsel, or both). 
          A defendant who initially asserts his right to appear pro se, but later abandons 
the right by inviting participation by counsel, waives his right to represent himself. 
See McKaskle v. Wiggins, 465 U.S. 168, 182, 104 S. Ct. 944, 953 (1984) (“A
defendant can waive his Faretta rights.”); Funderburg v. State, 717 S.W.2d 637, 642
(Tex. Crim. App. 1986) (citing McKaskle, 465 U.S. at 182, 104 S. Ct. at 953); see
also Tex. Code Crim. Proc. Ann. art. 1.14 (Vernon Supp. 2004) (“Waiver of
Rights”). The record must adequately reflect that a defendant waived his right to self-representation after asserting it, but proof of waiver of self-representation is not
subject to as stringent a standard as proof of waiver of the right to counsel. 
Funderburg, 717 S.W.2d at 642 (citing Brown v. Wainright, 665 F.2d 607, 611 (5th
Cir. 1982)). A record sufficiently demonstrates that a defendant waived his right to
proceed pro se if it reasonably appears to the court that the defendant abandoned his
initial request to represent himself. Funderburg, 717 S.W.2d at 642 (quoting Brown,
665 F.2d at 611). Mere acquiescence to a trial court’s unmistakable denial of his
request to represent himself is not a waiver of a defendant’s right to self-representation. Id. (citing Brown, 665 F.2d at 612). 
          The only motion to proceed pro se that appears in the record is appellant’s
March 13, 2003 motion. Although a hearing on appellant’s motion was required on
receipt, in order for the trial court to admonish appellant about the dangers of self-representation, the record does not show that the court conducted a hearing on
appellant’s March 13, 2002 motion. Id. at 642; see also Faretta, 422 U.S. 806 at
835, 95 S.Ct. at 2541 (holding that if defendant properly asserts right to self-representation, then record must show knowing and intelligent waiver of right to
counsel after being made aware of dangers and disadvantages of self-representation.).
Although the trial court denied appellant’s March 13, 2002 motion to proceed without
conducting the required Faretta hearing, the trial court’s failure to hold the required
Faretta hearing is not error if we determine that appellant thereafter abandoned his
request to proceed pro se. See Funderberg 717 S.W.2d at 642. 
          Within the first two weeks after the trial court refused to permit appellant to
proceed pro se, appellant took inconsistent actions concerning whether he would
represent himself despite the trial court’s ruling. He first filed a motion requesting
that new counsel replace Gonzalez, but, a few days later, filed a motion to recuse the
trial judge in which appellant designated himself as acting “pro se.” Although these
actions may not have clearly indicated whether appellant continued to wish to
proceed pro se, appellant’s actions that followed unequivocally reflect his wish that
appointed counsel represent him.  
          The record shows that appellant affirmatively requested representation by
counsel on April 2, 2003, when appellant signed a document, under oath, in which
he stated that he was financially unable to hire an attorney and was petitioning the
court to appoint counsel to represent him. In addition to this sworn request for
appointed counsel that followed appellant’s request to proceed pro se, the record
repeatedly shows that appellant wished to be represented by counsel. The April 8
and April 11, 2003 correspondence to the trial court lodged complaints about
Gonzalez, but also affirmed that appellant sought substitute counsel and, therefore,
continued representation by counsel. Appellant’s documents show no intent to
proceed pro se as an alternative to appellant’s continued dissatisfaction with
Gonzalez. Likewise, appellant’s April 17, 2003 motion for continuance also shows
that he desired a continuance so that his attorneyand not appellant himselfcould
better prepare for trial, and appellant and his attorney each signed the motion
requesting that the jury assess appellant’s punishment. Finally, appellant not only
voiced no wish to represent himself at his jury trial, but also did not complain about
Gonzalez’s trial performance at any time during the trial. 
          Because the record shows that appellant affirmatively abandoned his request
to proceed pro se, we conclude that appellant waived his right to represent himself. 
See Funderburg, 717 S.W.2d at 642 (quoting Brown, 665 F.2d at 611). The
communications filed with the trial court after appellant requested appointed counsel
reflect a continuing desire to proceed to trial represented by counsel and thus
underscore appellant’s having abandoned his initial intent to represent himself. As
in Funderburg, appellant did not merely acquiesce to the trial court’s decision, but
took affirmative steps, by requesting appointment of counsel, to consciously,
deliberately, and voluntarily relinquish, and thus waive, his known right to proceed
pro se. See id. at 641.
          We overrule appellant’s first issue.
 

Appointment of Substituted Counsel
          In his second issue, appellant contends that the trial court erred by not
conducting a hearing on appellant’s motion for substituted counsel. His third issue
challenges the trial court’s decision to deny that motion. 
          Once the court has appointed an attorney to represent an indigent defendant,
the defendant has been afforded the protections provided under the Sixth and
Fourteenth Amendments and Article 26.04 of the Texas Code of Criminal Procedure,
regarding counsel. Malcom v. State, 628 S.W.2d 790, 791 (Tex. Crim. App. [Panel
Op.] 1982); Watson v. State, 95 S.W.3d 342, 344 (Tex. App.—Houston [1st Dist.]
2002, pet. ref’d); Tex. Code Crim. Proc. Ann. art. 26.04 (Vernon Supp. 2004)
(“Procedures for Appointing Counsel”). A defendant who is displeased with his
appointed counsel must bring the matter to the attention of the trial court and has the
burden of proof to show that he is entitled to a change of counsel. Malcom, 628
S.W.2d at 791; Watson, 95 S.W.3d at 344; Garner v. State, 864 S.W.2d 92, 98 (Tex.
App.—Houston [1st Dist.] 1993, pet. ref’d). If the defendant makes an adequate
showing, certain circumstances, for example, a claim of a conflict of interest, may
warrant the trial court’s exercising its discretion to discharge previously appointed
counsel and appoint substitute counsel. Garner, 864 S.W.2d at 98-99. 
Failure to Hold a Hearing
          Appellant’s second issue challenges the trial court’s ruling on appellant’s
motion for substituted counsel without conducting a hearing on that motion. Because
nothing in the record shows that appellant requested a hearing, appellant did not
preserve error. See Malcom, 628 S.W.2d at 792; Tex. R. App. P. 33.1(a)(1); see also
Garner, 864 S.W.2d at 100 (noting that trial court not required to hold hearing sua
sponte on motion for change of counsel). 
          We overrule appellant’s second issue.
Failure to Order Substituted Counsel 
          In his third issue, appellant contends that the trial court erred by not appointing
substituted counsel to replace appellant’s trial counsel. We review the trial court’s
ruling for abuse of discretion. See Burgess v. State, 816 S.W.2d 424, 428-29 (Tex.
Crim. App. 1991). An indigent defendant’s right to counsel does not compel the trial
court to appoint counsel agreeable to the accused. King v. State, 29 S.W.3d 556, 566
(Tex. Crim. App. 2000); Garner, 864 S.W.2d at 98. Likewise, the defendant may not
manipulate his right to counsel so as to obstruct the orderly procedure in the court or
interfere with the fair administration of justice and must, in some circumstances, yield
to the general interest of prompt and efficient justice. See King, 29 S.W.3d at 566;
Garner, 864 S.W.2d at 98. 
          Because appellant was not entitled to his personal choice of appointed counsel,
he was required to accept the attorney appointed by the trial court unless (1) appellant
waived his right to counsel and chose to represent himself or (2) appellant adequately
demonstrated why appointment of new counsel was necessary. See Garner, 864
S.W.2d at 98. The first option does not apply, given that appellant requested
appointed counsel on April 2, 2003 and acted in conformity with that request
thereafter. Accordingly, appellant was required to accept his appointed counsel
unless he sufficiently demonstrated an adequate reason to appoint substituted counsel. 
See id.; see also Burgess, 816 S.W.2d at 428-29 (stating that “eleventh-hour” request
for change of counsel by accused who refuses to waive counsel and does not assert
right to self-representation requires accused to proceed to trial with existing lawyer). 
          About a month before the scheduled jury trial was to begin, appellant began 
complaining repeatedly to the trial court about Gonzalez’s performance in 
representing appellant. On March 13, 2003, appellant filed his motion to proceed pro
se, claiming that he was forced to choose between self-representation and ineffective
assistance of counsel. On March 24, 2003, appellant filed a motion for substitute
counsel, in which he complained again about Gonzalez’s performance. On March 27,
2003, appellant filed a motion to recuse the trial judge, in which he stated that he was
acting “pro se” because he was unable to communicate with Gonzalez. On April 8,
2003, appellant sent a letter to the court in which he requested appointment of
substitute counsel to replace Gonzalez and claimed that Gonzalez was providing
ineffective assistance. On April 11, 2003, appellant filed a motion to enter the written
communications between appellant and Gonzalez into the court record, including
seven requests that appellant made to Gonzalez. On April 17, 2003, appellant filed
a motion for continuance in which he stated that Gonzalez was inadequately prepared
for trial. 
          Appellant’s complaints generally alleged that (1) communication between
appellant and appointed trial counsel had broken down, and counsel did not confer
adequately with appellant, (2) counsel did not investigate certain unspecified factual
and legal issues, (3) counsel did not permit or facilitate appellant’s participation in
his defense by requesting access to the law library, providing copies of case law that
appellant requested, or requesting a bail hearing (4) counsel did not pursue
appellant’s preferred defense strategy, and (5) counsel filed pretrial motions without
appellant’s knowledge. 
          Appellant contends that the circumstances of this case show that
communication had completely broken down with appointed counsel and
alternatively contends that the circumstances created an irreconcilable conflict that
led to an unjust verdict. Aside from cases from several federal circuit courts that have
not been adopted in Texas, appellant relies on only one Texas case, Melendez v.
Salinas, 895 S.W.2d 714 (Tex. App.—Corpus Christi 1994, orig. proceeding), in
which Melendez, the indigent defendant, had been accused of attempted murder. Id.
at 715. The court of appeals conditionally granted mandamus relief to compel the
trial court to conduct a hearing on Melendez’s request for substituted counsel because
the defendant had demonstrated a “substantial complaint about his appointed
counsel’s representation.” Id. The court of appeals reached this conclusion because
Melendez demonstrated that the attorney appointed to represent him had conferred
with him only briefly and only three times, which totaled only 20 minutes overall,
during his 16-month incarceration, and had not properly investigated or provided
adequate representation. Id. 
          Melendez is distinguishable at the outset because its holding required that the
trial court conduct a requested hearing, a complaint that we have rejected here
because appellant did not request a hearing. See id. More importantly, the egregious
facts demonstrated in Melendez are missing here. In contrast to the “substantial
complaint” in Melendez, the record before us demonstrates consistent, significant
activity by trial counsel on appellant’s behalf. For example, counsel promptly sought
discovery after he was appointed, and obtained relief from the trial court equally
promptly. In addition, counsel obtained funds to hire an investigator. As well,
counsel negotiated favorable plea bargain offers from the State for far less
punishment than the jury assessed, despite appellant’s multiple prior convictions. 
Further, counsel obtained a favorable ruling from the trial court by motion in limine
and also sought to suppress appellant’s oral statements by a motion that the trial court
carried with appellant’s case. Similarly, counsel complied with appellant’s request
to file a motion to quash the enhancements and also requested that appellant not be
impeached with his prior convictions. Finally, despite his contrary assertions in his
complaints made to the trial court, we note that appellant acknowledged, at a pretrial
hearing, having conferred “pretty often” with appointed counsel while in jail.           Appellant has not made an adequate showing that the trial court abused its
discretion by failing to appoint substitute counsel. The record establishes that
counsel met with appellant while in jail, counsel acquired funds for an investigator
to assist with the defense, and filed multiple motions to preserve appellant’s rights. 
Appellant’s complaints about his counsel began only about a month before trial was
to begin, but appellant never established that counsel had a conflict of interest, and
appellant’s complaints did not rise to a level that would require the trial court to
provide substitute counsel. Moreover, appellant’s pretrial complaints about Gonzalez
did not continue after trial began. As emphasized above, nothing in the reporter’s
record of the trial proceedings shows that appellant complained to the trial court or
suggests that appellant was dissatisfied with Gonzalez. After considering the
eleventh-hour timing of appellant’s complaints and the substantial and significant
contribution and involvement by appointed counsel, we conclude that appellant has
not demonstrated that the trial court abused its discretion by refusing to appoint
substituted counsel. 
          We overrule appellant’s third issue.
 

Conclusion
          We affirm the judgment of the trial court. 
 
 
                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.

Publish. Tex. R. App. P. 47.2(b).