**Opinion issued December 10, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00655-CR

————————————

**DANIEL EARL CULP, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Case No. 19-CR-0459**

---

## MEMORANDUM OPINION

Daniel Culp was convicted by a jury of possession of a controlled substance

with intent to deliver and sentenced by the trial court, with enhancements, to 50

years' confinement.[1] In three issues, Culp contends (1) his right of autonomy over his defense was violated because the trial court failed to conduct a hearing or investigate his request for new appointed counsel, (2) his attorney provided ineffective assistance, and (3) the prosecutor's conduct denied him due process, resulting in fundamental error.

We affirm.

## Background

The Galveston County Sheriff Office's Special Crimes Unit surveilled a condemned building that was being used as a make-shift apartment complex. During several weeks of surveillance, officers observed several people arriving, staying for only a short period of time, and leaving. They observed Daniel Culp coming and going from the building and working on a bicycle outside the building. The Special Crimes Unit was surveilling the building as part of its investigation into whether Culp was selling narcotics from his apartment.

The Special Crimes Unit obtained a search warrant and executed the warrant when Culp was there.

One unit of the make-shift apartment had the name Daniel written on the wall. Just outside that area, Detective S. Barajaz found a syringe. After entering that area,

---

[1] The punishment range for a first-degree felony is 5 years to 99 years of life, subject to enhancement. TEX. PENAL CODE §§ 12.32(a); 12.42(c).

Barajaz observed an overflowing clothes hamper, half-used toiletries in the bathroom, a prescription medication bottle with Culp's name on it, and men's clothing—all indicating to Barajaz that Culp was living there.

Barajaz also observed narcotics paraphernalia. He found a scale, a mirrored plate, a box of plastic baggies, pills, papers for marijuana cigarettes, a methamphetamine bong, a marijuana grinder, and a methamphetamine pipe.

Barajaz also found a backpack near the television stand that contained a small amount of marijuana and an identification card for Culp, a large quantity of methamphetamine in a plastic bag under the couch cushion, and more marijuana under the bed. The methamphetamine weighed 79 grams, or about 3 ounces, which, according to Barajaz, would sell for $6,000.

Culp was charged with possession with intent to deliver a controlled substance, namely methamphetamine, in the amount of four grams or more but less than 200 grams. Culp requested and received appointed counsel. While represented by counsel, Culp filed two pro se motions that sought dismissal of court-appointed counsel and replacement with one of three attorneys listed in his motion. He filed other pro se motions as well, including a motion for bond reduction and a motion to suppress evidence. The pro se motions raised issues of hybrid representation.[2] Culp

---

[2] Hybrid representation occurs when an attorney acts as co-counsel alongside the defendant. *Representation–hybrid representation*, BLACK'S LAW DICTIONARY (11th ed. 2019). "A defendant has no right to hybrid representation, and, as a

did not request a hearing on his motion. Neither did his appointed counsel. When trial began, Culp did not bring the motions to the trial court's attention.

At trial, Culp did not testify or present any defense witnesses. His litigation approach involved highlighting that the building had been condemned, calling into question whether the State had proven that Culp lived there and whether his alleged unit of the building was secure to provide any indicia that anything found within it would have belonged to Culp versus anyone else who might have entered the condemned building, and to highlight that Culp was never shown to have rented the apartment or observed selling drugs.

The jury found Culp guilty of possession with intent to deliver. Culp elected to have the trial court assess punishment. The court received evidence of two enhancements then sentenced Culp to 50 years' confinement.

Culp appealed.

### Lack of Hearing on Issue of Replacement of Appointed Counsel

In his first issue, Culp contends he was denied autonomy over his defense when the trial court failed to hear or investigate his two requests for replacement counsel.

---

consequence, a trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel." *Jenkins v. State*, 592 S.W.3d 894, 902 n.47 (Tex. Crim. App. 2018).

Culp acknowledges that his pro se motions raised an issue of unauthorized hybrid representation. *Jenkins v. State*, 592 S.W.3d 894, 902 n.47 (Tex. Crim. App. 2018) (stating that defendant has no right to hybrid representation and that counsel is "free to disregard any *pro se* motions presented by a defendant who is represented by counsel"). He further acknowledges that he never requested a hearing. Culp argues the trial court, nevertheless, had an obligation to investigate or sua sponte set his motions for hearing, relying on *Melendez v. Salinas*, 895 S.W.2d 714, 715 (Tex. App.—Corpus Christi 1994) (orig. proceeding). *Melendez* does not support his position.

There, an attorney with Texas Rural Legal Aid filed a motion on an indigent criminal defendant's behalf requesting that appointed counsel be replaced due to certain listed deficiencies. *Id.* at 715. The motion came before the trial court on a specific date with appointed counsel, the defendant, and the legal-aid counsel present, but the trial court refused to consider the merits of the motion. *Id.* In other words, there was a hearing, but the trial court refused to consider or rule on the motion.

Here, in contrast, Culp never requested a hearing. *See Carroll v. State*, 176 S.W.3d 249, 256 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (failure to request hearing on motion for substituted counsel barred reliance on *Melendez*). Without a grant of hybrid representation, a request for a hearing on the pro se motions, or a

record to support Culp's contentions, there was no error in failing to consider the pro se motions for new counsel sua sponte or to further investigate. *Hill v. State*, 686 S.W.2d 184, 187 (Tex. Crim. App. 1985) (en banc); *cf. Pilgram v. State*, No. 01-19-00027-CR, 2020 WL 4128788, at *3–*5 (Tex. App.—Houston [1st Dist.] July 21, 2020, no pet.) (mem. op., not designated for publication) (applying *Hill* to conclude that trial court is not required to hold a hearing sua sponte to consider whether to substitute counsel).

Culp seeks relief, nonetheless, on the argument that the absence of a hearing on his pro se motions raised a structural-error issue. But Culp cites no authority for the proposition that a lack of a hearing on a motion for substituted counsel invokes a structural-error analysis. And we find no cases to support that proposition. Regardless, the concept of structural error concerns whether an error is subject to a harm analysis. *See Mendez v. State*, 138 S.W.3d 334, 339–42 (Tex. Crim. App. 2004) (en banc) (distinguishing *structural error*, which concerns whether to analyze for harm, from preservation of error concepts like *fundamental error* and *systemic requirements*). Because the court did not err by failing to hold a hearing on Culp's motions, we do not reach the issue of whether Culp suffered harm.

## Ineffective Assistance of Counsel

In his second issue, Culp contends he received ineffective assistance of counsel. He acknowledges that establishing ineffective assistance on direct appeal

when counsel's trial strategies are unknown is quite difficult, but he argues he may prevail absent this evidence because his appointed counsel's deficiencies amounted to a complete failure to subject the prosecution's case to "meaningful adversarial testing" and was, in other words, "no defense at all," citing *United States v. Cronic*, 466 U.S. 648 (1984), and *Childress v. Johnson*, 103 F.3d 1221 (5th Cir. 1997).

## A. Standard of review and applicable law

In reviewing a claim of ineffective assistance of counsel, we apply the United States Supreme Court's two-pronged test from *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first prong, an appellant must show that counsel's performance was deficient. *Id.* at 687; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000) (en banc). This requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. To be successful, the appellant must show that counsel's representation fell below an objective standard of reasonableness. *Id.*; *Tong*, 25 S.W.3d at 712.

Under the second prong, an appellant must show that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687; *Tong*, 25 S.W.3d at 712. An appellant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Tong*, 25 S.W.3d at 712. A reasonable

probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694.

Our review of trial counsel's representation is highly deferential. *Tong*, 25 S.W.3d at 712. We indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. The appellant has the burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong*, 25 S.W.3d at 712. And "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) (en banc). Further, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id.* Thus, the appellant generally must prove both prongs of the *Strickland* test. *Tong*, 25 S.W.3d at 712. But, when defense counsel wholly fails to "subject the prosecution's case to meaningful adversarial testing," and that failure is "complete," operating as a constructive denial of the assistance of counsel, then prejudice is presumed. *Cronic*, 466 U.S. 659–60; *Cannon v. State*, 252 S.W.3d 342, 349 (Tex. Crim. App. 2008).

8

Bad lawyering does not support applying the *Cronic* standard; prejudice will be presumed only when the criminal defendant can establish that counsel was "not merely incompetent but inert." *Gochicoa v. Johnson*, 238 F.3d 278, 284 (5th Cir. 2000).

**B.      Culp has not established a failure of representation under *Cronic***

The record does not support Culp's characterization of appointed counsel's efforts as providing no defense at all. Counsel asked questions of the venire members during voir dire. Counsel gave an opening statement that, while short, raised the issues of witness credibility and the extent to which the makeshift apartment where the drugs were found was accessible to many people, not just Culp. Counsel made objections during direct examination of the State's witnesses, some of which were sustained. Counsel cross-examined three witnesses, through the examinations were short. Counsel objected to the court's charge. During closing, counsel argued that, while the State had the burden to prove guilt beyond a reasonable doubt, it brought inadequate evidence to support its charge. Counsel argued that the State failed to establish that the drugs were Culp's. She noted that the structure had been condemned, there were no locks on the interior doors, and people would come and go. She argued there was no evidence of intent to sell and no evidence the drugs belonged to Culp or that he was selling them.

In sum, counsel's level of participation cannot reasonably be described as a total failure to subject the prosecution's case to meaningful adversarial testing, such that it equated to a constructive denial of assistance of counsel altogether. *See Cannon*, 252 S.W.3d at 349.

Because Culp has not established a complete absence of representation, he was required to establish both *Strickland* prongs.

## C. Culp did not meet his burden under *Strickland* with no record of counsel's strategy

Culp filed a motion for new trial, but he did not develop a record on counsel's trial strategy. If the record does not contain affirmative evidence of counsel's reasoning or strategy, we normally presume that counsel's performance was not deficient. *Blackwell v. State*, 193 S.W.3d 1, 21 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) ("We will not speculate to find trial counsel ineffective when the record is silent on counsel's reasoning or strategy."). This case does not contain affirmative evidence of counsel's reasoning or strategy.

Culp points out that counsel did not file pretrial motions or object to the prosecutor's discussing the process leading up to a search warrant. He criticizes the minimal objections during the prosecutor's direct examinations. And he criticizes counsel's failure to make certain defensive arguments at closing. Those decisions, like the decision to call defense witnesses, are strategic in nature, and, absent a developed record on counsel's trial strategy, we will not presume ineffective

assistance of counsel. *See Green v. State*, 191 S.W.3d 888, 895 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *cf. Davenport v. State*, No. 01-19-00260-CR, 2020 WL 5666071, at *1 (Tex. App.—Houston [1st Dist.] Sept. 24, 2020, no pet. h.) (mem. op., not designated for publication) ("As is often the case in direct appeals, the record in this case is undeveloped and cannot support appellant's claim of ineffective assistance of counsel). *See Rylander*, 101 S.W.3d at 110 ("An application for a writ of habeas corpus is the more appropriate vehicle to raise ineffective assistance of counsel claims.").

Issue two is overruled.

## Due Process

In his third issue, Culp contends that fundamental error occurred, denying him due process. Specifically, he argues that the prosecutor engaged in an expansive presentation of contextual background evidence beyond what the rules of evidence permit and, because it was fundamental error, his attorney was relieved of the burden of objecting to the error. The contextual background evidence was previewed in opening statement and admitted during the State's presentation of evidence. It centered on the process to obtain a search warrant and explained in general terms ways to gather information to establish probable cause to obtain the warrant. One method was the use of a confidential informant to gather information about a possible drug-selling location. The State's witness, Detective Barajaz, described the

method but did not testify that a confidential informant supplied any information related to Culp or the police's investigation of his residence.

## A. Applicable law

Generally, a party must object to preserve error on appeal. *See* TEX. R. APP. P. 33.1(a). In a criminal case, a court may "take notice of a fundamental error affecting a substantial right, even if the claim of error was not properly preserved." TEX. R. EVID. 103(e). Fundamental error falls into two categories: (1) the denial of absolute, systemic requirements and (2) the violation of rights that are "waivable-only." *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002) (en banc). "Absolute, systemic rights" include, among other things, jurisdiction over the person and subject matter, a penal statute's compliance with constitutional separation of powers, the constitutional prohibition of ex post facto laws, and certain constitutional restraints on a judge's comments. *Id.* at 888–89. Violations of "waivable-only" rights include the right to assistance of counsel and the right to trial by jury. *Id.*

The admission of evidence is generally reviewed under the deferential abuse-of-discretion standard. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). Failure to object to the admission of evidence waives review of the matter. *Holmes v. State*, 248 S.W.3d 194, 200 (Tex. Crim. App. 2008). Culp has not directed this Court to any authority applying fundamental error principles to the unobjected-

12

to introduction of evidence at trial. The few cases we located on the matter rejected similar arguments. *See Ford v. State*, 444 S.W.3d 171, 194 (Tex. App.—San Antonio 2014), *aff'd*, 477 S.W.3d 321 (Tex. Crim. App. 2015) (discretionary review granted on other grounds); *cf. Dowdy v. State*, No. 03-01-00571-CR, 2002 WL 1987642, at *3 (Tex. App.—Austin Aug. 30, 2002, no pet.) (mem. op., not designated for publication) (refusing to analyze voir dire statements and admitted evidence under fundamental error principles to remove need for objection); *Robinson v. State*, No. 01-19-00211-CR, 2020 WL 3393067, at *6 (Tex. App.—Houston [1st Dist.] June 18, 2020, no pet. h.) (mem. op., not designated for publication) (refusing to elevate incurable jury argument to level of fundamental error that would be appealable without having objected).

Likewise, challenges on Confrontation Clause grounds are waived absent an objection on Confrontation Clause grounds. *Scott v. State*, 555 S.W.3d 116, 126 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd). We conclude that Culp's unobjected-to issues related to a possible Confrontation Clause violation were waived and do not constitute fundamental error. *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (holding that appellant failed to preserve Confrontation Clause grounds by failing to object on those grounds during trial).

We overrule Culp's last issue.

## Conclusion

We affirm.

Sarah Beth Landau
Justice

Panel consists of Justices Keyes, Lloyd, and Landau.

Do not publish. TEX. R. APP. P. 47.2(b).