**Edward Stanley WATSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–01–00418–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 25, 2002.

Rehearing Overruled Nov. 1, 2002.

Discretionary Review Refused
April 9, 2003.

Charles Freeman, Houston, for Appellant.

Donald W. Rogers, Jr., Assistant District Attorney, Houston, for State.

Panel consists of Chief Justices SCHNEIDER and Justices TAFT and RADACK.

**OPINION**

MICHAEL SCHNEIDER, Chief Justice.

A jury convicted appellant, Edward Stanley Watson, of delivery of cocaine weighing less than one gram, found an allegation of two prior felony convictions to be true, and assessed punishment at 16 years confinement. On appeal, appellant contends he was denied the assistance of counsel during a critical stage of the judicial proceedings. We affirm.

*Facts*

Aristotle A. Kotey was appointed to represent appellant, an indigent, at trial. On February 8, 2001, approximately one month before trial, appellant filed a pro se motion entitled "Defendant's Motion to Dismiss Counsel and Appoint Qualified Counsel." In the motion, appellant alleged that Kotey: (1) failed to provide effective assistance of counsel; (2) failed to communicate with appellant and told appellant's family that he "has many other cases more

important to deal with"; (3) failed to investigate allegations that the arresting officers committed perjury; (4) failed "to obtain the faith and confidence" of appellant, walked out on appellant, and failed to file necessary pleadings; and (5) attempted to persuade appellant to plead guilty.

The trial court conducted a hearing on appellant's motion. At the hearing, appellant reiterated his concerns with Kotey's representation. Kotey testified that he visited appellant six times in jail, and that appellant "wanted to talk forever" each time. Kotey denied ever hanging up the telephone on appellant, but he did request that only one person from appellant's family should call. Kotey said that he had a court appointed investigator investigate the case, but, when she reported that there was nothing more that she could find out about the case, appellant insisted on asking the court for more money to investigate further. Kotey admitted that he walked out on appellant once after visiting with him for a "long, long time." Kotey also testified that he had explained the issues in the case to appellant and filed several motions in the case.

The prosecutor did not participate in the hearing. After fully hearing both appellant and Kotey, the trial court denied appellant's motion to dismiss Kotey.

### Law and Analysis

■ In four related points of error, appellant contends he was denied his Sixth Amendment right to counsel because the trial court did not appoint someone other than Kotey to represent him at the hearing on the motion to dismiss counsel.

■ Once the court has appointed an attorney to represent the indigent defendant, the defendant has been afforded the protections provided under the Sixth and Fourteenth Amendments and Article 26.04 of the Texas Code of Criminal Procedure,

regarding counsel. *Malcom v. State,* 628 S.W.2d 790, 791 (Tex.Crim.App.1982). If a defendant is displeased with his appointed counsel, he must bring the matter to the court's attention. *Id.* Thereupon, the defendant carries the burden of proving that he is entitled to a change of counsel. *Id.*

Appellant has cited no authority to show that he is entitled to assistance of a second appointed attorney in carrying his burden. In fact, this Court has noted that no such authority exists. *See Garner v. State,* 864 S.W.2d 92, 99 (Tex.App.-Houston [1st Dist.] 1993, pet. ref'd).

■ An appellant is entitled to assistance of counsel at any "critical stage" of the prosecution. *Estelle v. Smith,* 451 U.S. 454, 469–70, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). However, not every event following the inception of adversary judicial proceedings is a "critical stage" so as to invoke the Sixth Amendment. *United States v. Ash,* 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973); *Green v. State,* 872 S.W.2d 717, 720 (Tex.Crim.App. 1994). To determine whether a stage of the prosecution is critical, we must find that the appellant required "aid in coping with legal problems or assistance in meeting his adversary." *Green,* 872 S.W.2d at 720, *quoting Ash,* 413 U.S. at 313, 93 S.Ct. at 2575.

In this case, appellant did not require the assistance of counsel in coping with his legal problems or meeting his adversary. In fact, the prosecution was not involved in the hearing at all. Additionally, appellant was permitted, through his own testimony, to show why he was dissatisfied with counsel. There is nothing in the record to show that an appointed attorney could have done anything more. No special legal knowledge was required of appellant at the hearing. Therefore, we conclude that the hearing on appellant's motion to dis-

miss counsel was not a "critical stage" entitling him to a second appointed attorney.

■ Appellant also contends that Kotey was "functionally absent" and provided ineffective assistance of counsel. However, this Court has held that it is not ineffective assistance of counsel per se for appointed counsel to omit to present evidence to support his client's request for a change of counsel. *Garner*, 864 S.W.2d at 101. That Kotey did not assist appellant in his efforts to have himself removed does not, standing alone, amount to ineffective assistance of counsel.

### Conclusion

All of appellant's points of error are based on the premise that he was entitled to have a second attorney appointed to represent him in his motion to replace counsel. Because we have held that he was not entitled to such counsel, we overrule points of error one through four.

We affirm the judgment.