MARY'S OPINION HEADING 









                                                NO.
12-07-00097-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

DAVID C. BATES,   §                      APPEAL
FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            After a bench trial, the trial judge found Appellant
guilty of aggravated assault, and made a deadly weapon finding.  Immediately prior to the sentencing hearing
sixteen days later, the trial court conducted a hearing on Appellant’s Amended
Motion to Dismiss Court-Appointed Counsel and Replace with New Counsel.  The trial court denied the motion and after
hearing evidence on sentencing, assessed Appellant’s punishment at fourteen
years of imprisonment.  In one issue,
Appellant insists that his constitutional right to counsel was violated when
the trial court allowed his court appointed trial counsel to continue to
represent him during the hearing on his motion to replace that counsel.  We affirm.

 

Background








            Appellant was indicted for an aggravated assault on
Melissa Hortman on March 26, 2006 by hitting her with his hands and a machete
and by threatening to kill her while exhibiting a deadly weapon, a machete,
during the assault.  Counsel was
appointed for Appellant on April 26, 2006. 
On May 10, 2006, Appellant’s counsel filed a motion for a psychiatric
examination to determine competency, complaining that Appellant did not appear
to have a rational or factual understanding of the proceedings against him or
the present ability to consult with his lawyer. 
Throughout the 242 days Appellant remained in jail before sentencing, he
was treated with various medications for his psychiatric condition.  On October 24, 2006, the trial court granted
Appellant’s motion for a psychiatric examination, and ordered Dr. Tynus McNeel
to conduct an examination to determine if Appellant was competent to stand
trial.

            On November 9, 2006, Dr. McNeel advised the court that
Appellant probably suffered from Bipolar Disorder and that he was currently
taking psychoactive medication in the form of Lithium and Seroquel.  Appellant had been hospitalized at the Rusk
State Hospital on two separate occasions and had been hospitalized briefly in
2005 and 2006 at the East Texas Medical Center Behavioral Health Center in
Tyler.  Nevertheless, Dr. McNeel
determined that Appellant was competent to stand trial but that the continued
taking of psychoactive medication “is likely to be necessary to maintain
[Appellant’s] competency.”

            On January 22, 2007, Appellant filed four pro se motions
including a Motion to Replace Court-Appointed Counsel and Replace with New
Counsel.

            On January 31, 2007, Appellant pleaded guilty to the
offense without the benefit of a plea bargain. 
He responded appropriately to all the admonitions of the trial court
telling the court that he understood the charges against him and the range of
punishment for the offense, that he was aware of his right to a jury trial and
that he was pleading guilty voluntarily, because he was guilty and for no other
reason.  He assured the court that his
counsel had thoroughly explained to him the various documents he had
signed.  When asked if he had been able
to confer with his attorney about the case, Appellant answered, “Without a
doubt.”

            During the plea hearing, the trial court noted that
Appellant had filed a pro se motion for a court appointed psychiatric expert
witness on January 22, 2007.  Appellant’s
counsel told the court that Appellant had wanted to offer at the
guilt-innocence stage testimony regarding his psychiatric condition and the
effect of a change in his medications shortly before the crime.  Counsel told the court that such evidence
would be offered as mitigation evidence at the punishment stage.  Appellant stated that he understood his
counsel’s explanation and was satisfied with it.  The court made no ruling on the motion.  The trial court did not note, nor did
Appellant raise, the other three pro se motions filed by Appellant on January
22, 2007.

            On February 15, 2007, Appellant filed a pro se motion to
amend his prior motion to dismiss court appointed counsel and replace with new
counsel.  The motion asserted (1) that
his counsel allowed him to plead guilty without a plea agreement knowing that
he had not taken his medications when he entered his plea; (2) that his counsel
allowed him to review only a part of the evidence against him; (3) that his
counsel refused to call five witnesses who could testify to Appellant’s mental
state both before and after the incident; and (4) that his counsel became so
enraged that Appellant was in fear of physical harm.

            At the sentencing hearing, Appellant’s counsel told the
trial court, “My client filed a motion yesterday to fire me and withdraw his
guilty plea. . . .”  The court then
warned Appellant that if he testified regarding the motion, he would be subject
to the penalty for perjury and could be cross examined by the State’s
attorney.  Appellant insisted on
testifying against his counsel’s advice. 
The trial court allowed Appellant’s counsel to conduct the
questioning.  Appellant denied that he
was guilty although he conceded having slapped the victim twice during a “domestic
assault.”  He denied ever having a
machete.  He said he had given his lawyer
a list of sixty-five witnesses, at least fifty of whom were police
officers.  He told the court that his
counsel never came to see him.  He said
he was coerced into signing the plea papers and waiving a jury trial by his
counsel’s insistence that he would get twenty years and die in the penitentiary
unless he pleaded guilty.  On cross
examination, Appellant denied any recollection of pleading guilty to aggravated
assault.

            Appellant’s counsel told the court that he had visited
with Appellant on several occasions, both alone and with the investigator
appointed for the defense.  He had
reviewed with Appellant the photos and audiotapes obtained through
discovery.  He denied threatening
Appellant.

            The trial court reviewed the transcript of the plea
hearing in which Appellant unequivocally testified that there was no medication
affecting him or impairing his ability to understand the court proceedings, and
that he was pleading guilty voluntarily, waiving a jury trial, and stipulating
the evidence against him after a thorough explanation by his attorney.  The trial court then denied Appellant’s pro
se motion to withdraw his plea of guilty and to replace his court appointed
counsel.

            Appellant presented the testimony of two psychiatrists
who had treated him and the testimony of a neighbor.  Appellant had two prior felony convictions
and eleven misdemeanor convictions.  The
trial court assessed punishment at fourteen years.

Replacement of Appointed Counsel

            In his sole issue, Appellant contends that
his constitutional right to counsel was violated when the trial court allowed
his court appointed trial counsel to continue to represent him during the
hearing on his motion to replace that counsel. 

Standard of Review and
Applicable Law

            The trial court’s ruling on a defendant’s request for a
change of appointed counsel is reviewed for abuse of discretion.  See King v. State, 29 S.W.3d
556, 566 (Tex. Crim. App. 2000); Burgess v. State, 816 S.W.2d
424, 428-29 (Tex. Crim. App. 1991).

            The right to counsel may not be manipulated so as to
obstruct the judicial process or to interfere with the fair administration of
justice.  King, 29 S.W.3d
at 566; Burgess, 816 S.W.2d at 428-29.  The trial court has no duty to search for
counsel agreeable to the defendant.  King,
29 S.W.3d at 566.  When, however, a
defendant raises an apparently substantial complaint about appointed counsel,
the trial judge should make a thorough inquiry into the reasons for the
defendant’s dissatisfaction.  Melendez
v. Salinas, 895 S.W.2d 714, 715 (Tex. App.–Corpus Christi 1994, orig.
proceeding).  A proper showing of an
appointed counsel’s actual conflict of interest will entitle the defendant to
new counsel.  Garner v. State,
864 S.W.2d 92, 98-99 (Tex. App.–Houston [1st Dist.] 1993, pet. ref’d).  An actual conflict of interest exists if
counsel is required to make a choice between advancing his client’s interests
in a fair trial or advancing other interests to the detriment of his client’s
interest.  Ex parte Morrow,
952 S.W.2d 530, 538 (Tex. Crim. App. 1997). 
A defendant who files a motion to dismiss appointed counsel has the
burden of proving that he is entitled to a change of counsel.  Watson v. State, 95 S.W.3d 342,
344 (Tex. App.–Houston [1st Dist.] 2002, pet. ref’d).  Personality conflicts and disagreements
concerning trial strategy are typically not valid grounds for the replacement
of appointed counsel.  King,
29 S.W.3d at 566.

Discussion

            The trial court allowed Appellant’s court appointed
counsel to conduct the direct examination of Appellant in support of Appellant’s
motion to replace counsel.  Counsel’s
exasperation with his client is evident from the record.  In response to Appellant’s answer to one of
his questions, Appellant’s counsel said, “Mr. Bates, that’s a straight up
lie.  Do you want to take that back?  You just committed perjury.”

            Appellant contends that the tone of his counsel’s entire
interrogation was hostile, and that his counsel’s questions were framed to
harass and intimidate him, not elicit the truth.  Appellant argues that by allowing the counsel
that he was seeking to remove to conduct the direct examination, the trial
court abdicated its responsibility under Rule 611 to exercise control over the
mode of interrogating witnesses in order to make the interrogation effective
for the ascertainment of truth and protect witnesses from harassment or undue
embarrassment.  See Tex. R. Evid. 611(a).  Appellant maintains that his pro se motion to
change counsel raised the issue of a conflict of interest between the two of
them and that his counsel’s hostile interrogation conclusively established that
an actual conflict of interest existed. 
Appellant argues that the trial court should not have allowed Appellant’s  counsel to conduct the direct examination,
because if called upon to refute Appellant’s claim that he was coerced into
pleading guilty, counsel would be furnishing testimony substantially adverse to
his client’s interest.  Appellant insists
the trial court should have appointed new counsel for the hearing on the motion
or allowed him to represent himself after appropriate warnings regarding the
perils of self-representation.  The trial
court’s failure to do so enabled appointed counsel “to maneuver Appellant away
from making a complete record regarding his pro se motion,” and was the
equivalent of total deprivation of his Sixth Amendment right to counsel.

            Read in its entirety, appointed counsel’s direct
examination of Appellant did attempt to elicit the nature and extent of
Appellant’s complaints about his representation.  Despite a tone of exasperation and perhaps
hostility, it gave Appellant a fair opportunity to tell the court why he
believed he had been poorly represented and why he should have a new
lawyer.  The conflict Appellant describes
arises from a conflict between them over trial strategy, not from counsel’s
representation of an adverse interest. 
It is not a conflict envisioned by the cases in which conflicts of
interest were found to require appointment of new counsel.  See Garner, 864 S.W.2d at 98-99
and cases therein cited.  If personality
conflicts and disagreements over strategy and tactics warranted appointment of
new counsel, a trial court’s granting of a motion to replace counsel would be
almost automatic, inevitably causing delay and obstructing orderly procedure.

            Appellant also asserts that the trial court should have
appointed special counsel for the limited purpose of assisting him in showing
cause for change of counsel. 
Alternatively, Appellant contends the trial court should have allowed
him the opportunity to represent himself. 
Appellant has cited no authority in support of this argument, and we are
aware of none.  Id. at 99.

            Appellant was not denied his Sixth Amendment right to
counsel.  The trial court did not abuse
its discretion in denying Appellant’s motion to replace counsel.

 

Disposition

            The judgment of the trial court is affirmed.

 

 

 

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

 

 

 

Opinion
delivered April 30, 2008.

Panel
consisted of Worthen, C.J., Hoyle, J., and Bass, Retired Justice, Twelfth Court
of Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)