# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00245-CR

**Kenneth Wade Davis, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
### NO. 10-686-K368, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Kenneth Wade Davis was convicted of aggravated assault causing serious bodily injury, burglary of a habitation, and aggravated assault on a public servant. In two issues, Davis challenges the district court's denial of his request to have new court-appointed counsel and contends that the district court erroneously denied him his right to self-representation. We will affirm.

## BACKGROUND

The district court appointed Mike Davis to represent appellant in May 2010. In December 2010, the district court appointed Blair Jones as additional counsel to assist in representing appellant. Appellant pleaded guilty to all three counts and elected to have punishment assessed by a jury. The district court commenced the punishment hearing on March 29, 2011. At the hearing, the State called 16 witnesses, who testified over the course of two days regarding the

events leading to the indictments and convictions. After the State rested, counsel for appellant called a witness who testified regarding appellant's character, after which the case was recessed for the day. The next day, counsel for appellant asked to approach the bench and informed the court that he had just been informed by appellant that he wanted new court-appointed counsel. The court excused the jury and the following colloquy took place:

Counsel: Your Honor, counsel informed—co-counsel, Mr. Jones, informed me this morning that [appellant] has—[appellant] has said he does—he wants new lawyers.

The Court: Okay. Is that—you know, I'm making an assumption. Were both of you appointed by the Court?

Counsel: Yes, we were, Your Honor.

The Court: And he was declared as an indigent?

Counsel: He's indigent.

The Court: Is that correct, Mr. Kenneth Davis?

Defendant: What's that? I didn't understand you.

The Court: Is it correct—Mr. Michael Davis, your attorney just informed me that you're requesting new court-appointed lawyers. Is that correct?

Defendant: Yes, sir.

The Court: That request is denied. Is there anything else? The Court finds that this is being done in order to delay these proceedings, to manipulate the process. I'm ready to bring the jury back.

Counsel for appellant then called a second witness who testified regarding appellant's character. At the conclusion of that testimony and after calling the next witness, counsel for appellant again asked

2

to approach the bench and informed the court that appellant "wants to fire us straight up." The court stated that it would deny appellant's request and would address the issue further after the witness testified. At the completion of the witness's testimony, the court excused the jury and addressed appellant's request for new court-appointed counsel. When asked the reason for the request, appellant essentially stated that he was not happy with the representation and that maybe the case should have been handled differently. The court denied the request, ordered counsel to continue his representation of appellant, and stated:

> And I find it is effective representation. The Court further finds that [appellant] is unhappy and—as he stated. And that is not an uncommon occurrence in my over 23 years as a Judge. When the facts of a case tend to be strong against a man or a woman accused of a crime, they're [] not happy. Oftentimes the outcome is not a pleasant outcome in the criminal justice system, but it may be a just outcome. And nobody wants to go to prison, but circumstances put them there. Their conduct may very well be the major part of it.
>
> So to be unhappy with the perceived outcome is not an uncommon [] activity or behavior. The request is denied. The Court sees no reason, no reason whatsoever, to grant this request. This request will cause unnecessary delay, possibly leading to a mistrial. And it is in the interest of justice and, I find, in the interest of [appellant] to continue with this case. And we will proceed.

The attorney for the State stated to the court that, in his opinion, appellant's counsel had been very diligent in their representation of appellant, including going through the State's entire file. Counsel for appellant also stated that he had carefully reviewed all the evidence in a search for anything tending to exculpate appellant. The proceedings then continued with counsel for appellant calling three more character witnesses, each of whom testified, as had the previous character witnesses, regarding their friendship with appellant, their opinion that he was a big-hearted, loving, and

generous person, and their shock and surprise at what he had done, which in each of their opinions was completely out of character. The defense then rested, and both the State and the defense closed. On appeal, Davis contends that the trial court abused its discretion by refusing to appoint new counsel to represent him and that he was denied his right to self-representation.

## DISCUSSION

The trial court's ruling on a defendant's request for a change of appointed counsel is reviewed for abuse of discretion. *See King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000); *Burgess v. State*, 816 S.W.2d 424, 428-29 (Tex. Crim. App. 1991). An indigent defendant is entitled to representation by court-appointed counsel, but he is not entitled to court-appointed counsel of his choice. *Stearnes v. Clinton*, 780 S.W.2d 216, 221 (Tex. Crim. App. 1989). The defendant must accept counsel assigned by the court unless he effectively waives right to counsel in order to represent himself, *see Faretta v. California*, 422 U.S. 806 (1975), or can show adequate cause for appointment of a different attorney. *See Webb v. State*, 533 S.W.2d 780, 784 n.3 (Tex. Crim. App. 1976).

The trial court has no duty to search for counsel agreeable to the defendant. *King*, 29 S.W.3d at 566. A defendant who moves to dismiss appointed counsel has the burden of proving that he is entitled to a change of counsel. *Watson v. State*, 95 S.W.3d 342, 344 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). Personality conflicts and disagreements concerning trial strategy are typically not valid grounds for the replacement of appointed counsel. *King*, 29 S.W.3d at 566. In the present case, the record shows that appellant asked that his counsel be replaced because appellant was "not happy," "we maybe should have handled this just a little bit different," and "some of the

4

things" he told his counsel had not "come out." He also complained that "we just have character witnesses," and that he had discussed with his family the possibility of getting a different lawyer, but they advised him to stay with court-appointed counsel. Appellant offered no further reason for his request for new counsel, and did not suggest that he regretted his decision to plead guilty. Rather, he stated "I did wrong. I did. I am not denying that . . . and I should be punished for what I did. I should be." There is no indication in the record that there was any serious disagreement between appellant and his counsel.

On appeal, appellant asserts that the trial court did not provide him with an opportunity to testify regarding his reasons for requesting new counsel. But the record reflects that the court did give appellant an opportunity to state his reasons, which were simply that appellant was not "happy" with his representation. The trial court expressly found that the court-appointed counsel was representing appellant effectively, and that granting appellant's request for new counsel would result in unnecessary delay and possibly a mistrial. *See Burgess*, 816 S.W.2d at 828-29 (request for change of counsel cannot be made so as to obstruct orderly procedure in courts or interfere with fair administration of justice). We conclude that the trial court did not abuse its discretion in refusing appellant's request for new counsel. We overrule the first appellate issue.

In his second issue, appellant contends that the trial court deprived him of his right to self-representation. *See Faretta*, 422 U.S. at 818 (sixth amendment guarantees right of self-representation). However, appellant never invoked that right. Rather, he simply stated his desire to terminate his court-appointed counsel. A request for new counsel is not a waiver of the right to counsel. *Robles v. State*, 577 S.W.2d 699, 704 (Tex. Crim. App. 1979). In the present case,

5

appellant did not affirmatively waive his right to counsel or make a request for self-representation. Contrary to appellant's contention on appeal, he did not make a "clear and unequivocal[] assertion" of his right to self-representation. *Cf. Faretta*, 422 U.S. at 835 (weeks before trial defendant clearly and unequivocally declared to trial judge that he wanted to represent himself and did not want counsel). When the trial court refused to appoint him new counsel, appellant did not state that he wished to proceed without representation. Under these circumstances, it would have been error for the trial court to permit the case to go forward without counsel representing appellant. We overrule the second appellate issue.

## CONCLUSION

Having overruled appellant's two issues, we affirm the trial court's judgment.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: August 14, 2012

Do Not Publish