Lester Erwin CARROLL, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–03–00444–CR.

Court of Appeals of Texas, Houston (1st Dist.).

July 1, 2004.

Rehearing Overruled Sept. 10, 2004.

Discretionary Review Refused April 13, 2005.

Emily Munoz Detoto, Nicole DeBorde, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney—Harris County, William J. Delmore, III, Chief Prosecutor, Appellate Division, Shirley Cornelius, Assistant District Attorney—Harris County, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

ELSA ALCALA, Justice.

Appellant, Lester Erwin Carroll, pleaded not guilty to the felony offense of robbery and pleaded true to two prior felony convictions alleged as punishment enhancements. A jury found appellant guilty, found the enhancement paragraphs true, and assessed his punishment at life in prison. In three issues on appeal, appellant contends that the trial court erred by denying appellant's motion to proceed pro se, by not conducting a hearing on his motion to substitute appointed counsel, and by denying that motion. We affirm.

### Factual Background

In December, 2001, appellant snatched the complainant's purse in a shopping-center parking lot, struggled with the complainant, and punched her in the face. He also punched a female eyewitness who intervened to assist the complainant. Appellant represented to complainant that he had a gun, although he did not. Appellant fled, followed by eyewitnesses and others who gave chase until they eventually caught and detained him for police by surrounding him after he had climbed onto a roof.

### Procedural Background

**1. From December 2001 to November 2002, Appellant Requested Appointed Counsel**

Appellant was charged with robbery in the 209th District Court and requested court-appointed counsel by signing a sworn document stating that he desired appointed counsel because he was financially unable to hire an attorney. Between December 21, 2001 and September 18, 2002, Charles Hinton, who was appointed to represent appellant, appeared thirteen times in court on appellant's behalf. When charges for escape were filed against appellant, the judge of the 209th District Court recused himself and his staff, because they were possible witnesses to the

escape offense, and appellant's case was transferred to the 262nd District Court. On November 13, 2002, the 262nd trial court appointed Ricardo Gonzalez [1] to represent despite appellant's refusal to sign [2] a document requesting counsel. [3]

## 2. Appellant Affirms Decision Not to Proceed Pro Se on December 9, 2002

On December 9, 2002, the trial court conducted the following hearing:

Trial Court: All right. We are here in order to talk again [4] about your wish to represent yourself. Is that what you wish to do?

Defendant: No, sir. I've talked with my attorney and I've decided to allow him to represent me.

Trial Court: Okay. For what it's worth, I think that's a good choice.

Defendant: Yes, Sir.

Following the hearing, the case was reset. The reset form was signed by the attorney for the State, Gonzalez, and appellant, and contained a notation that appellant rejected, and the State thereafter withdrew, plea-bargain offers of 20 years

for the robbery case and 30 years for the escape case.

## 3. Appellant's March 13, 2003 Request to Proceed Pro Se [5]

On March 13, 2003, shortly over one month before the scheduled trial date, appellant filed with the court a written "Motion to Proceed Pro Se." Attached to his motion was a copy of a March 3, 2002 letter that appellant wrote to Gonzalez to complain of Gonzalez's performance in representing him. In his letter to Gonzalez, appellant stated, "I am forced to choose between self-representation or ineffective assistance of counsel. It is my intention to motion the court to allow me to proceed pro se." The trial court denied appellant's motion the next day. The record does not reflect that the trial court held a hearing on appellant's motion or why the trial court denied the motion.

## 4. Appellant's March 24, 2003 Motion for Substitute Counsel

On March 24, 2003, appellant filed a motion entitled, "Motion for Substitute Counsel," in which he complained of Gon-

---

1. Gonzalez was appointed to represent appellant for the robbery under cause number 897234 and escape under cause number 927459.

2. The record neither reflects why Hinton did not remain as appellant's counsel, nor shows that Hinton formally withdrew from his representation, but appellant does not complain on appeal about Hinton's departure as his counsel.

3. The document is marked "refuses to sign" under a form statement that appellant requested appointed counsel and was financially unable to retain appointed counsel.

4. Although the trial court used the term "talk again," the record does not reflect any previous recorded discourse between the court and appellant concerning appellant's desire to

represent himself. Likewise, the record does not show any previous oral or written motion by which appellant asked to represent himself. Other than the refusal to sign the document requesting counsel when Gonzalez was appointed, the record does not show that appellant was dissatisfied with counsel or wished to represent himself before the December 9, 2002 hearing.

5. Gonzalez appeared on behalf of appellant between December and March to set the case for jury trial in April 2003 and to file motions. During that period, he received funds to hire an investigator, received a favorable ruling on a motion in limine, filed a motion for discovery, and filed a motion to suppress appellant's written statement with a request for a hearing on that motion. Gonzalez later filed a motion to allow the defendant to testify free from impeachment.

zalez's performance. The trial court denied the motion the next day.

### 5. Appellant's March 27, 2003 "Acting Pro Se" Motion to Recuse the Trial Judge

On March 27, 2003, appellant filed a pro se "Motion for Recusal." The motion stated, "... it is necessary that I file this motion pro se. Due to that dire situation of being unable to communicate with my court-appointed attorney...." The document was signed "Lester Erwin Carroll IV, Pro Se." After conducting a hearing on the motion, the trial court declined to recuse and referred appellant's motion to recuse to the presiding judge of the Second Administration Region. The documents pertaining to the recusal of the trial court judge are the only documents in the clerk's record that appellant filed with the stated designation that he was acting "pro se."

### 6. Appellant's April 2, 2003 Request For Appointed Counsel

After the State reindicted the cases and assigned new cause numbers,[6] appellant signed the following document, on April 2, 2003, in which he stated, "Lester E. Carroll ... respectfully petitions the Court to appoint counsel to represent him/her in this cause and would show the court that he/she is financially unable to hire an attorney." Appellant swore to the statement and signed it before the Deputy District Clerk. That same day, the trial court again appointed Gonzalez to represent appellant.

### 7. Appellant's Postreappointment Complaints About Trial Counsel

Appellant submitted three written documents to the trial court to complain about Gonzalez's representation after he was reappointed to represent appellant on April 2, 2003. On April 8, 2003,[7] appellant sent a letter to the trial court requesting appointment of substitute counsel to replace Gonzalez, who, appellant claimed, was providing ineffective assistance. Then, on April 11, 2003, appellant filed a "Motion to Enter Written Communication from Defendant to Court–Appointed Counsel Into the Court Record." Appellant attached to the motion a letter to Gonzalez in which appellant enumerated seven requests made to Gonzalez. Lastly, on April 17, 2003, appellant filed a "Motion for Continuance," in which he stated that Gonzalez was inadequately prepared for trial and asked that the trial court reset the jury trial to give his counsel "additional time to provide effective assistance." The trial court did not conduct a hearing or rule on appellant's motion for continuance, but nevertheless reset the trial date, at Gonzalez's request, from April 17, 2003 to April 28, 2003.

### 8. The Jury Trial

When the jury trial began on April 30, 2003, Gonzalez filed a motion requesting that the jury assess appellant's punishment. Appellant signed that motion. Gonzalez acted as appellant's attorney and performed all of his trial responsibilities throughout the two-day trial. Appellant did not voice any objections or complaints about Gonzalez at any time during trial. Likewise, appellant did not ask to perform any of his counsel's roles during the trial.

---

**6.** The charges were reindicted as cause number 944192 for the escape and 944193 for the robbery.

**7.** The only other correspondence from appellant was filed on April 21, 2003. This was a motion to disqualify the trial court, which was denied.

## Motion to Proceed Pro Se

In his first issue, appellant contends that the trial court erred by denying his motion to represent himself at trial. The State contends that appellant abandoned his motion to proceed pro se and waived his right to self-representation. The Sixth Amendment of the federal constitution guarantees both the right to counsel and the corresponding right to self-representation. *Faretta v. California,* 422 U.S. 806, 819, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975); *Hathorn v. State,* 848 S.W.2d 101, 122–23 (Tex.Crim.App.1992); *see also Hatten v. State,* 71 S.W.3d 332, 334 (Tex.Crim.App.2002) (noting that *Faretta* rights triggered when accused contests guilt); TEX.CODE CRIM. PROC. ANN. art. 1.05 (Vernon 1977) (recognizing right of accused to be heard by himself, through counsel, or both).

A defendant who initially asserts his right to appear pro se, but later abandons the right by inviting participation by counsel, waives his right to represent himself. *See McKaskle v. Wiggins,* 465 U.S. 168, 182, 104 S.Ct. 944, 953, 79 L.Ed.2d 122 (1984) ("A defendant can waive his *Faretta* rights."); *Funderburg v. State,* 717 S.W.2d 637, 642 (Tex.Crim.App.1986) (citing *McKaskle,* 465 U.S. at 182, 104 S.Ct. at 953); *see also* TEX.CODE CRIM. PROC. ANN. art. 1.14 (Vernon Supp.2004) ("Waiver of Rights"). The record must adequately reflect that a defendant waived his right to self-representation after asserting it, but proof of waiver of self-representation is not subject to as stringent a standard as proof of waiver of the right to counsel. *Funderburg,* 717 S.W.2d at 642 (citing *Brown v. Wainwright,* 665 F.2d 607, 611 (5th Cir.1982)). A record sufficiently demonstrates that a defendant waived his right to proceed pro se if it reasonably appears to the court that the defendant abandoned his initial request to represent himself. *Funderburg,* 717 S.W.2d at 642 (quoting *Brown,* 665 F.2d at 611). Mere acquiescence to a trial court's unmistakable denial of his request to represent himself is not a waiver of a defendant's right to self-representation. *Id.* (citing *Brown,* 665 F.2d at 612).

The only motion to proceed pro se that appears in the record is appellant's March 13, 2003 motion. Although a hearing on appellant's motion was required on receipt, in order for the trial court to admonish appellant about the dangers of self-representation, the record does not show that the court conducted a hearing on appellant's March 13, 2002 motion. *Id.* at 642; *see also Faretta,* 422 U.S. 806 at 835, 95 S.Ct. at 2541, 45 L.Ed.2d 562 (holding that if defendant properly asserts right to self-representation, then record must show knowing and intelligent waiver of right to counsel after being made aware of dangers and disadvantages of self-representation.). Although the trial court denied appellant's March 13, 2002 motion to proceed without conducting the required *Faretta* hearing, the trial court's failure to hold the required *Faretta* hearing is not error if we determine that appellant thereafter abandoned his request to proceed pro se. *See Funderburg* 717 S.W.2d at 642.

Within the first two weeks after the trial court refused to permit appellant to proceed pro se, appellant took inconsistent actions concerning whether he would represent himself despite the trial court's ruling. He first filed a motion requesting that new counsel replace Gonzalez, but, a few days later, filed a motion to recuse the trial judge in which appellant designated himself as acting "pro se." Although these actions may not have clearly indicated whether appellant continued to wish to proceed pro se, appellant's actions that followed unequivocally reflect his wish that appointed counsel represent him.

The record shows that appellant affirmatively requested representation by counsel on April 2, 2003, when appellant signed a document, under oath, in which he stated that he was financially unable to hire an attorney and was petitioning the court to appoint counsel to represent him. In addition to this sworn request for appointed counsel that followed appellant's request to proceed pro se, the record repeatedly shows that appellant wished to be represented by counsel. The April 8 and April 11, 2003 correspondence to the trial court lodged complaints about Gonzalez, but also affirmed that appellant sought substitute counsel and, therefore, continued representation by counsel. Appellant's documents show no intent to proceed pro se as an alternative to appellant's continued dissatisfaction with Gonzalez. Likewise, appellant's April 17, 2003 motion for continuance also shows that he desired a continuance so that his attorney—and not appellant himself—could better prepare for trial, and appellant and his attorney each signed the motion requesting that the jury assess appellant's punishment. Finally, appellant not only voiced no wish to represent himself at his jury trial, but also did not complain about Gonzalez's trial performance at any time during the trial.

Because the record shows that appellant affirmatively abandoned his request to proceed pro se, we conclude that appellant waived his right to represent himself. *See Funderburg*, 717 S.W.2d at 642 (quoting *Brown*, 665 F.2d at 611). The communications filed with the trial court after appellant requested appointed counsel reflect a continuing desire to proceed to trial represented by counsel and thus underscore appellant's having abandoned his initial intent to represent himself. As in *Funderburg*, appellant did not merely acquiesce to the trial court's decision, but took affirmative steps, by requesting appointment of counsel, to consciously, deliberately, and voluntarily relinquish, and thus waive, his known right to proceed pro se. *See id.* at 641.

We overrule appellant's first issue.

### Appointment of Substituted Counsel

In his second issue, appellant contends that the trial court erred by not conducting a hearing on appellant's motion for substituted counsel. His third issue challenges the trial court's decision to deny that motion.

■ Once the court has appointed an attorney to represent an indigent defendant, the defendant has been afforded the protections provided under the Sixth and Fourteenth Amendments and Article 26.04 of the Texas Code of Criminal Procedure, regarding counsel. *Malcom v. State*, 628 S.W.2d 790, 791 (Tex.Crim.App. [Panel Op.] 1982); *Watson v. State*, 95 S.W.3d 342, 344 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd); TEX.CODE CRIM. PROC. ANN. art. 26.04 (Vernon Supp.2004) ("Procedures for Appointing Counsel"). A defendant who is displeased with his appointed counsel must bring the matter to the attention of the trial court and has the burden of proof to show that he is entitled to a change of counsel. *Malcom*, 628 S.W.2d at 791; *Watson*, 95 S.W.3d at 344; *Garner v. State*, 864 S.W.2d 92, 98 (Tex. App.-Houston [1st Dist.] 1993, pet. ref'd). If the defendant makes an adequate showing, certain circumstances, for example, a claim of a conflict of interest, may warrant the trial court's exercising its discretion to discharge previously appointed counsel and appoint substitute counsel. *Garner*, 864 S.W.2d at 98–99.

### *Failure to Hold a Hearing*

■ Appellant's second issue challenges the trial court's ruling on appel-

lant's motion for substituted counsel without conducting a hearing on that motion. Because nothing in the record shows that appellant requested a hearing, appellant did not preserve error. *See Malcom,* 628 S.W.2d at 792; TEX.R.APP. P. 33.1(a)(1); *see also Garner,* 864 S.W.2d at 100 (noting that trial court not required to hold hearing sua sponte on motion for change of counsel).

We overrule appellant's second issue.

### Failure to Order Substituted Counsel

In his third issue, appellant contends that the trial court erred by not appointing substituted counsel to replace appellant's trial counsel. We review the trial court's ruling for abuse of discretion. *See Burgess v. State,* 816 S.W.2d 424, 428–29 (Tex.Crim.App.1991). An indigent defendant's right to counsel does not compel the trial court to appoint counsel agreeable to the accused. *King v. State,* 29 S.W.3d 556, 566 (Tex.Crim.App.2000); *Garner,* 864 S.W.2d at 98. Likewise, the defendant may not manipulate his right to counsel so as to obstruct the orderly procedure in the court or interfere with the fair administration of justice and must, in some circumstances, yield to the general interest of prompt and efficient justice. *See King,* 29 S.W.3d at 566; *Garner,* 864 S.W.2d at 98.

Because appellant was not entitled to his personal choice of appointed counsel, he was required to accept the attorney appointed by the trial court unless (1) appellant waived his right to counsel and chose to represent himself or (2) appellant adequately demonstrated why appointment of new counsel was necessary. *See Garner,* 864 S.W.2d at 98. The first option does not apply, given that appellant requested appointed counsel on April 2, 2003 and acted in conformity with that request thereafter. Accordingly, appellant was required to accept his appointed counsel unless he sufficiently demonstrat-

ed an adequate reason to appoint substituted counsel. *See id.; see also Burgess,* 816 S.W.2d at 428–29 (stating that "eleventh-hour" request for change of counsel by accused who refuses to waive counsel and does not assert right to self-representation requires accused to proceed to trial with existing lawyer).

About a month before the scheduled jury trial was to begin, appellant began complaining repeatedly to the trial court about Gonzalez's performance in representing appellant. On March 13, 2003, appellant filed his motion to proceed pro se, claiming that he was forced to choose between self-representation and ineffective assistance of counsel. On March 24, 2003, appellant filed a motion for substitute counsel, in which he complained again about Gonzalez's performance. On March 27, 2003, appellant filed a motion to recuse the trial judge, in which he stated that he was acting "pro se" because he was unable to communicate with Gonzalez. On April 8, 2003, appellant sent a letter to the court in which he requested appointment of substitute counsel to replace Gonzalez and claimed that Gonzalez was providing ineffective assistance. On April 11, 2003, appellant filed a motion to enter the written communications between appellant and Gonzalez into the court record, including seven requests that appellant made to Gonzalez. On April 17, 2003, appellant filed a motion for continuance in which he stated that Gonzalez was inadequately prepared for trial.

Appellant's complaints generally alleged that (1) communication between appellant and appointed trial counsel had broken down, and counsel did not confer adequately with appellant, (2) counsel did not investigate certain unspecified factual and legal issues, (3) counsel did not permit or facilitate appellant's participation in his defense by requesting access to the law library,

providing copies of case law that appellant requested, or requesting a bail hearing (4) counsel did not pursue appellant's preferred defense strategy, and (5) counsel filed pretrial motions without appellant's knowledge.

Appellant contends that the circumstances of this case show that communication had completely broken down with appointed counsel and alternatively contends that the circumstances created an irreconcilable conflict that led to an unjust verdict. Aside from cases from several federal circuit courts that have not been adopted in Texas, appellant relies on only one Texas case, *Melendez v. Salinas,* 895 S.W.2d 714 (Tex.App.-Corpus Christi 1994, orig. proceeding), in which Melendez, the indigent defendant, had been accused of attempted murder. *Id.* at 715. The court of appeals conditionally granted mandamus relief to compel the trial court to conduct a hearing on Melendez's request for substituted counsel because the defendant had demonstrated a "substantial complaint about his appointed counsel's representation." *Id.* The court of appeals reached this conclusion because Melendez demonstrated that the attorney appointed to represent him had conferred with him only briefly and only three times, which totaled only 20 minutes overall, during his 16–month incarceration, and had not properly investigated or provided adequate representation. *Id.*

*Melendez* is distinguishable at the outset because its holding required that the trial court conduct a requested hearing, a complaint that we have rejected here because appellant did not request a hearing. *See id.* More importantly, the egregious facts demonstrated in *Melendez* are missing here. In contrast to the "substantial complaint" in *Melendez,* the record before us demonstrates consistent, significant activity by trial counsel on appellant's be-

half. For example, counsel promptly sought discovery after he was appointed, and obtained relief from the trial court equally promptly. In addition, counsel obtained funds to hire an investigator. As well, counsel negotiated favorable plea bargain offers from the State for far less punishment than the jury assessed, despite appellant's multiple prior convictions. Further, counsel obtained a favorable ruling from the trial court by motion in limine and also sought to suppress appellant's oral statements by a motion that the trial court carried with appellant's case. Similarly, counsel complied with appellant's request to file a motion to quash the enhancements and also requested that appellant not be impeached with his prior convictions. Finally, despite his contrary assertions in his complaints made to the trial court, we note that appellant acknowledged, at a pretrial hearing, having conferred "pretty often" with appointed counsel while in jail. Appellant has not made an adequate showing that the trial court abused its discretion by failing to appoint substitute counsel. The record establishes that counsel met with appellant while in jail, counsel acquired funds for an investigator to assist with the defense, and filed multiple motions to preserve appellant's rights. Appellant's complaints about his counsel began only about a month before trial was to begin, but appellant never established that counsel had a conflict of interest, and appellant's complaints did not rise to a level that would require the trial court to provide substitute counsel. Moreover, appellant's pretrial complaints about Gonzalez did not continue after trial began. As emphasized above, nothing in the reporter's record of the trial proceedings shows that appellant complained to the trial court or suggests that appellant was dissatisfied with Gonzalez. After considering the eleventh-hour timing of appellant's complaints and the

substantial and significant contribution and involvement by appointed counsel, we conclude that appellant has not demonstrated that the trial court abused its discretion by refusing to appoint substituted counsel.

We overrule appellant's third issue.

### Conclusion

We affirm the judgment of the trial court.