

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00010-CV

_____

IN RE JAMES HOWARD TAYLOR, RELATOR

_____

ORIGINAL PROCEEDING

_____

February 28, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Relator, James Howard Taylor, has filed a petition for writ of mandamus in this Court. In this petition, Taylor appears to ask this Court to direct Respondent, the Honorable Ralph H. Walton, Jr., to remove Michael W. Minton as Taylor's appointed appellate attorney, and to appoint new counsel on appeal.[1] We will deny Taylor's petition.

---

[1] While we deny Taylor's petition for failure to comply with the requisites of a petition, in the interest of judicial economy, we note that an indigent defendant does not have the right to choose his own appointed counsel. Unless he waives his right to counsel and elects to proceed *pro se*, or otherwise shows adequate reason for the appointment of new counsel, he is not entitled to discharge his counsel but must accept the counsel appointed by the trial court. *See Thomas v. State,* 550 S.W.2d 64, 68 (Tex. Crim. App. 1977). Additionally, adequate reason for the discharge of counsel and appointment of new counsel rests within the sound discretion of

Texas Rule of Appellate Procedure 52.3[2] identifies the requirements for a petition for writ of mandamus filed in this Court. Taylor has failed to comply with these requirements. Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of all counsel. Taylor does not list the names of the parties against whom he seeks mandamus relief apart from their identification in the argument portion of his petition, and wholly fails to identify their counsel. Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Taylor's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Taylor's petition includes no index of authorities. Rule 52.3(d) requires a statement of the case. Taylor's petition does not contain a statement of the case and does not identify the nature of the underlying proceeding.[3] Rule 52.3(e) requires a statement of jurisdiction. Taylor's petition does not include a statement of jurisdiction. Rule 52.3(f) requires the petition include a concise statement of all issues or points presented for relief. Taylor's petition includes no such statement. Rule 52.3(g) requires the petition include a concise statement of facts pertinent to the issues or points presented. Taylor's petition includes no such statement. Rule 52.3(h) requires the

_____

the trial court. *Carroll v. State,* 176 S.W.3d 249, 255-56 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd).

[2]Further citation to Texas Rules of Appellate Procedure will be by reference to "Rule __."

[3]Taylor contends that mandamus is necessary for him to appeal trial court cause number CR12392. However, nowhere in Taylor's petition does he identify the nature of this case nor does he provide any information from which the nature of this case may be gleened.

petition contain a "clear and concise argument for the contentions made" with citations to law and to the record. Taylor's petition identifies the relief that he seeks but fails to present any clear argument for why he is entitled to this relief. Rule 52.3(j) requires that the person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. Taylor declares that the facts contained in the petition are "true and correct to the best of my knowledge." However, Taylor's petition does not include the certification required by Rule 52.3(j). Finally, Rule 52.3(k)(1)(A) requires that an appendix to the petition contain a certified or sworn copy of any order complained of, or any other document showing the matter complained of. Taylor includes a file-stamped copy of the order denying his appellate counsel's motion to withdraw, but this order is neither certified nor sworn to by Taylor. Each of these items are required in a petition for writ of mandamus and, as Taylor failed to include them in his petition, we will not grant the relief that he requests.

For the foregoing reasons, we deny Taylor's petition for writ of mandamus.


Mackey K. Hancock
Justice