

**NUMBER 13-15-00084-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**FRED MARTINEZ,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 117th District Court
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes
Memorandum Opinion Per Curiam**

Appellant, Fred Martinez, attempts to appeal his conviction for indecency with a child. The trial court has certified that this "is a plea-bargain case, and the defendant has NO right of appeal," and "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

On February 19, 2015, this Court notified appellant's counsel of the trial court's certification and ordered counsel to: (1) review the record; (2) determine whether appellant has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal, or, alternatively, advise this Court as to the existence of any amended certification.

On February 27, 2015, counsel filed a letter brief with this Court. Counsel's response does not establish that the certification currently on file with this Court is incorrect or that appellant otherwise has a right to appeal. Counsel filed a motion to withdraw with the trial court on February 20, 2015 and with this Court on February 26, 2015.[1]

The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if the trial court's certification does not show that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *see* TEX. R. APP. P. 37.1, 44.3, 44.4. Accordingly, this appeal is DISMISSED.

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of March, 2015.

---

[1] Adequate reason for the discharge of counsel and appointment of new counsel rests within the sound discretion of the trial court. *Carroll v. State*, 176 S.W.3d 249, 255 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd). Accordingly, we decline to rule on counsel's motion to withdraw.