

NUMBER 13-15-00152-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI C EDINBURG

---

LEANDRE VONZELL HILL,                                    Appellant,

v.

THE STATE OF TEXAS,                                           Appellee.

---

On appeal from the 379th District Court
of Bexar County, Texas

---

# O R D E R

### Before Justices Garza, Benavides, and Longoria
### Order Per Curiam

Appellant's counsel, Richard B. Dulany, Jr., has filed a motion requesting to withdraw as counsel.[1]   According to his motion to withdraw, good cause exists for him to withdraw because he is no longer employed by the Bexar County Public Defender's

---

[1] This case is before the Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket equalization order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

Office.

Adequate reason for the discharge of counsel and appointment of new counsel rests within the sound discretion of the trial court. *Carroll v. State*, 176 S.W.3d 249, 255 (Tex. App.--Houston [1st Dist.] 2004, pet. ref'd). In those circumstances where the appointment of substitute counsel may be necessary, an appellate court, when faced with a motion to withdraw, should abate the proceeding to the trial court for determination of this issue. Accordingly, we ABATE the appeal and REMAND the cause to the trial court for further proceedings consistent with this order.

Upon remand, the trial court shall determine whether appellant's court-appointed attorney should remain as appellant's counsel; and, if not, whether appellant is entitled to new appointed counsel. If the trial court determines that there is no reason to discharge appellant's current appointed attorney and appoint substitute counsel, the court shall enter an order to that effect. If the trial court determines that new counsel should be appointed, the name, address, telephone number, and state bar number of newly appointed counsel shall be included in the order appointing counsel. The trial court shall further cause its order to be included in a supplemental clerk's record to be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

It is so ordered.

Per Curiam

Do Not Publish.
TEX. R. APP. P. 47.2.

Delivered and filed this
the 2nd day of October, 2015.