ACCEPTED
04-15-00513-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
10/20/2015 11:39:26 PM
KEITH HOTTLE
CLERK

## No. 04-15-00513-CR

### IN THE
### FOURTH COURT OF APPEALS
### OF TEXAS
### AT SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
10/20/2015 11:39:26 PM
KEITH E. HOTTLE
Clerk

**EDWARD HOUSTON**                                            **APPELLANT**

**V.**

**THE STATE OF TEXAS**                                        **APPELLEE**

---

### MOTION TO RECONSIDER THE ORDER GRANTING RICHARD B. DULANY, JR.'S MOTION TO WITHDRAW AS COUNSEL

---

**TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS OF TEXAS:**

COMES NOW, EDWARD HOUSTON, the Appellant in the above styled and numbered cause, through the undersigned counsel, pursuant to Texas Rules of Appellate Procedure 10.2(c) and 10.3, and files this request for the Court to reconsider its order granting the undersigned's motion to withdraw as counsel for the Appellant. In support of this motion, undersigned counsel respectfully shows the following:

### I.    The factual basis for this request:

The trial court appointed the undersigned, in his former capacity as Interim

1

Chief Public Defender of Bexar County, Texas, to represent the Appellant in this case. On September 24, 2015, the undersigned attorney was abruptly fired by Chief Public Defender Michael Young and is no longer employed by the Bexar County Public Defender's Office. The undersigned attorney offered to continue to represent the Appellant in this case, but Mr. Young refused. The undersigned attorney has no access to the physical file that he created for this case and can do no further work on the Appellant's behalf. The undersigned informed the Clerk of this Court of these facts. Nevertheless, the undersigned was still listed as lead counsel in this case per the Court's website.

To avoid being held accountable for any further delay in this case, and also to avoid being held accountable for some other person's filings or similar actions, made without the undersigned attorney's knowledge or consent, the undersigned formally moved to withdraw as counsel for the Appellant. In his motion to withdraw, he specifically prayed that this appeal be abated and remanded to the trial court to determine whether he should remain as the Appellant's court-appointed counsel. The undersigned explicitly stated that he was willing to continue to represent the Appellant in this case. As is required by Rule 6.5(a) of the Texas Rules of Appellate Procedure, the undersigned provided a copy of the motion to withdraw to the Appellant and notified him of his right to object to the motion. By sworn

affidavit, the Appellant has since notified the Clerk of this Court that he would like for the undersigned to continue as his court-appointed counsel. Yet this Court had already issued an order granting the undersigned's motion to withdraw and designating Michael D. Robbins as the Appellant's "new attorney of record." All of these facts are within the personal knowledge of the undersigned attorney.

## II.     The motion to withdraw was determined prematurely:

Rule 10.3 of the Texas Rules of Appellate Procedure provides that a motion should not be heard or determined until 10 days after it was filed, subject to certain exceptions that do not apply here. The undersigned filed his motion to withdraw on October 2, 2015. This Court issued its order granting the motion <u>just six days later</u>, on October 8, 2015. The motion was determined prematurely and without the benefit of the Appellant's written objection with his request that the undersigned remain as his court-appointed counsel. For that reason, the undersigned requests that this Court reconsider its order. *See* TEX. R. APP. P. 10.3(b).

## III.    The appointment of counsel rests within the discretion of the trial court, not this Court:

The discharge of appointed appellate counsel and appointment of new counsel rests within the sound discretion of the trial court. *Carroll v. State*, 176 S.W.3d 249, 255 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). *See also* TEX. CODE CRIM. PROC. ANN. art. 26.04 (a) & (f)(1). As the undersigned stated in his motion to

3

withdraw, he will continue to represent the Appellant in this case. This Court was without authority to accept the entry of appearance of an attorney from the Bexar County Public Defender's Office as lead counsel of record. Clearly, the Appellant wishes for the undersigned to continue as his appellate counsel. The appointment of court-appointed appellate counsel should be determined by the trial court.

## **PRAYER**

THEREFORE, undersigned counsel for the Appellant prays that this Court abate this appeal and remand this case to the trial court to determine whether the undersigned should remain as the Appellant's counsel. As always, the Appellant also asks this Court to grant all such relief as is fair and just.

Respectfully submitted,

RICHARD B. DULANY, JR.
Texas Bar No. 06196400
Attorney at Law
P.O. Box 782524
San Antonio, TX 78278
(210) 373-2303
(210) 444-9070 fax
richarddulany@gmail.com

/s/ Richard B. Dulany, Jr.
_____
RICHARD B. DULANY, JR.

ATTORNEY FOR APPELLANT

4

## **CERTIFICATE OF SERVICE AND COMPLIANCE**

The undersigned does hereby certify that a copy of the above motion was delivered by electronic service to the Appellate Section of the State's Attorney: Nicholas A. LaHood, Criminal District Attorney, Bexar County District Attorney's Office, Appellate Section, 101 W. Nueva St., Suite 710, San Antonio, Texas 78205, on **October 20, 2015**. The word count is **845**.

/s/ Richard B. Dulany, Jr.

_____
RICHARD B. DULANY, JR.