

## NUMBERS 13-16-00392-CR AND 13-16-00393-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**MARCUS ESEDE ALI,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On Appeal from the County Court No. 4
### of Travis County, Texas.

---

## ORDER OF ABATEMENT

### Before Justices Rodriguez, Contreras, and Longoria
### Order Per Curiam

Appellant's counsel, Rickey Jones, has filed a motion requesting to withdraw as counsel.[1] According to his motion to withdraw, good cause exists for him to withdraw

---

[1] These appeals are before the Court on transfer from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

because he is now employed by the Travis County District Attorney's Office. Counsel states that the job was offered to him after he had completed appellant's brief, but before it was actually filed.

Adequate reason for the discharge of counsel and appointment of new counsel rests within the sound discretion of the trial court. *Carroll v. State*, 176 S.W.3d 249, 255 (Tex. App.--Houston [1st Dist.] 2004, pet. ref'd). In those circumstances where the appointment of substitute counsel may be necessary, an appellate court, when faced with a motion to withdraw, should abate the proceeding to the trial court for determination of this issue. Accordingly, we ABATE the appeal and REMAND the cause to the trial court for further proceedings consistent with this order.

Upon remand, the trial court shall determine whether appellant's court-appointed attorney should remain as appellant's counsel; and, if not, whether appellant is entitled to new appointed counsel. If the trial court determines that there is no reason to discharge appellant's current appointed attorney and appoint substitute counsel, the court shall enter an order to that effect. If the trial court determines that new counsel should be appointed, the name, address, telephone number, email address, and state bar number of newly appointed counsel shall be included in the order appointing counsel. The trial court shall further cause its order to be included in a supplemental clerk's record to be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this
the 16th day of February, 2017.