

**NUMBER 13-17-00238-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**CORLES ANDRE GILES,**                                                     **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                     **Appellee.**

---

**On appeal from the 24th District Court
of Jackson County, Texas.**

---

# ORDER OF ABATEMENT

**Before Justices Contreras, Longoria, and Hinojosa
Order Per Curiam**

Appellant Corles Andre Giles was convicted of possession of more than four but less than 400 grams of synthetic marijuana with intent to deliver, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.113(d) (West, Westlaw through 2017 1st C.S.). His appointed counsel, J. Esequiel Ramos Jr., filed a notice of appeal, an appellant's brief, and two amended appellant's briefs. Appellant has now filed a pro se

letter with this Court stating that Ramos has been suspended from the practice of law pursuant to a petition filed by the State Bar of Texas Commission for Lawyer Discipline. Appellant asks that we abate the appeal for the appointment of new counsel because Ramos's brief contains "a bunch of careless mistakes" and "need[s to be] corrected."

Adequate reason for the discharge of counsel and appointment of new counsel rests within the sound discretion of the trial court. *Carroll v. State*, 176 S.W.3d 249, 255 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). Accordingly, we hereby ABATE the appeal and REMAND the cause to the trial court for further proceedings consistent with this order. Upon remand, the trial court shall determine whether appellant's court-appointed attorney should remain as appellant's counsel; and, if not, whether appellant is entitled to new appointed counsel. If the trial court determines that there is no reason to discharge appellant's current appointed attorney and appoint substitute counsel, the court shall enter an order to that effect. If the trial court determines that new counsel should be appointed, the name, address, telephone number, email address, and state bar number of newly appointed counsel shall be included in the order appointing counsel. The trial court shall further cause its order to be included in a supplemental clerk's record to be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
31st day of May, 2018.

2