**Affirmed and Memorandum Opinion filed February 6, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00724-CR

---

**ANIBAL ANTONIO GUEVARA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1490486**

---

## M E M O R A N D U M   O P I N I O N

In a single issue, Appellant Anibal Antonio Guevara challenges the trial court's failure to address or rule on his seven *pro se* motions to substitute counsel. Presuming without deciding that the trial court's failure to address these motions was in error, we conclude the record does not show that this omission harmed Appellant. We affirm.

## BACKGROUND

In the early-morning hours of November 22, 2015, Complainant Hector Diaz was shot multiple times in the parking lot of a southwest Houston shopping center. Appellant and two other individuals were charged with murder in connection with Complainant's death.

Appellant was arrested and Monica Gonzales was appointed as his attorney in December 2015. After Gonzales's appointment, Appellant filed seven *pro se* motions to substitute counsel alleging the following issues with his representation: (1) conflicts of interest between Appellant and Gonzales; (2) Gonzales failed to investigate Appellant's case and prepare an adequate defense; (3) Gonzales failed to maintain contact with Appellant; and (4) Gonzales presented unsatisfactory plea offers to Appellant. The trial court did not rule on or otherwise address these motions. Appellant proceeded to trial in July 2018; the jury found him guilty of murder and assessed punishment at 27 years' confinement. Appellant timely appealed.

## ANALYSIS

Appellant argues "the trial court's complete indifference in not conducting a hearing or inquiry, addressing, or even ruling on the motions [to substitute counsel] denied [him] the effective assistance of conflict-free counsel."

Once an attorney-client relationship is established in the criminal defense context, any potential disruption to the relationship is subject to careful scrutiny — neither the attorney nor the client may sever the relationship without justifying the severance to the trial court. *Buntion v. Harmon*, 827 S.W.2d 945, 948 n.3 (Tex. Crim. App. 1992) (orig. proceeding). We review the trial court's determination regarding whether counsel should be permitted to withdraw for an abuse of

discretion. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000); *Carroll v. State*, 176 S.W.3d 249, 256 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd).

If a defendant is displeased with his appointed counsel, he must bring the matter to the trial court's attention. *Malcom v. State*, 628 S.W.2d 790, 791 (Tex. Crim. App. 1982). The trial court is not required to hold a *sua sponte* hearing on a motion to substitute counsel. *Id.* at 792; *but see Melendez v. Salinas*, 895 S.W.2d 714, 715 (Tex. App.—Corpus Christi 1994, orig. proceeding) ("When a defendant voices a seemingly substantial complaint about counsel, the trial judge should make a thorough inquiry into the reasons for the defendant's dissatisfaction.").

The defendant also bears the burden of proving that he is entitled to a change of counsel. *Malcom*, 628 S.W.2d at 791. Conflicts of personality and disagreements between counsel and client are not automatic grounds for withdrawal. *Solis v. State*, 792 S.W.2d 95, 100 (Tex. Crim. App. 1990). Generally, conclusory allegations of conflicts of interest, disagreements on trial strategy, and personality conflicts are insufficient to satisfy the defendant's burden. *See King*, 29 S.W.3d at 566; *Carroll*, 176 S.W.3d at 256-57. A trial court has no duty to search for counsel who is agreeable to the defendant. *King*, 29 S.W.3d at 566.

Presuming without deciding that the trial court erred by failing to address Appellant's motions to substitute counsel, the record does not show that this omission harmed Appellant. Rather, the record shows a competent and vigorous defense. Gonzales filed multiple pre-trial motions to assist the presentation of Appellant's defense, including: (1) a motion to sever Appellant's trial from that of his co-defendant; (2) a motion for appointment of an interpreter to assist with multiple audio recordings; and (3) a motion in limine. Gonzales also raised several additional pre-trial issues with the trial court and during voir dire, thoroughly

examined prospective jurors.

At trial, Appellant was represented by Gonzales and Danny Lacayo, another attorney with the Harris County Public Defender's office.[1] Gonzales and Lacayo thoroughly cross-examined all witnesses, objected with respect to certain questioning and exhibits, and took witnesses on voir dire as necessary. Effective opening and closing arguments were made. Gonzales also (1) moved for a mistrial after a juror saw Appellant in restraints leaving the bathroom accompanied by an officer (evidencing her zealousness in attempting to represent Appellant throughout the trial), and (2) made a bill of review with respect to certain evidence the trial court excluded. In sum, the record shows trial counsel provided Appellant a zealous defense notwithstanding the quantum of evidence against him.

Considered as a whole, the record does not show Appellant was harmed by the trial court's failure to address his motions to substitute counsel.

## CONCLUSION

We overrule Appellant's issue on appeal and affirm the trial court's judgment.

/s/    Meagan Hassan
    Justice

Panel consists of Justices Christopher, Hassan, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] Appellant does not raise any complaints with respect to Lacayo's representation.