

**NUMBERS 13-20-00295-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**EARL AARON,**                                            **APPELLANT,**

**v.**

**THE STATE OF TEXAS,**                                **APPELLEE.**

---

**On Appeal from the 87th District Court
of Freestone County, Texas.**

---

# ORDER OF ABATEMENT

### Before Justices Benavides, Longoria, and Tijerina
### Order Per Curiam

This appeal is before the Court on a pro se motion to appoint attorney. On October 23, 2020, appellant's court-appointed attorney filed an *Anders* brief in this matter.

Appointment of new counsel rests within the sound discretion of the trial court. *Carroll v. State*, 176 S.W.3d 249, 255 (Tex. App.--Houston [1st Dist.] 2004, pet. ref'd). In those circumstances where the appointment of counsel may be necessary, an appellate

court should abate the proceeding to the trial court for determination of this issue. Accordingly, we ABATE the appeal and REMAND the cause to the trial court for further proceedings consistent with this order.

Accordingly, we now ABATE this appeal and REMAND the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall utilize whatever means necessary to make appropriate findings and recommendations concerning the following: (1) whether appellant has been denied effective assistance of counsel; (2) whether appellant's counsel should be removed; and (3) whether appellant is indigent and entitled to new court-appointed counsel.

If the trial court determines that present counsel should be removed, and that appellant is indigent and entitled to court-appointed counsel, the trial court shall appoint new counsel to represent appellant in this appeal. If new counsel is appointed, the name, address, telephone number, email address, and state bar number of said counsel shall be included in an order appointing counsel.

The trial court shall cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

It is so ordered.

PER CURIAM

2

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of December, 2020.