

# NUMBERS 13-21-00115-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ARTHUR KELVIN LOVELL,                                    Appellant,

v.

THE STATE OF TEXAS,                                      Appellee.

### On appeal from the 183rd District Court
### of Harris County, Texas.

## ORDER OF ABATEMENT

### Before Justices Longoria, Hinojosa, and Silva
### Order Per Curiam

This cause is before the Court on appellant's pro se motion for appointment of counsel. The Court granted appellant's court appointed counsel's three motions for extension of time to file a brief. The final extension of time was granted by order and appellant's counsel was instructed that no further extensions of time will be granted absent new and exigent circumstances and the brief was due to be filed on or before

December 27, 2021. On December 30, 2021, the Clerk of the Court sent notice to appellant's counsel that the brief was now past due. Finally, on January 12, 2022, an *Anders* brief was filed in this matter. Now, acting pro se, appellant requests new counsel be appointed claiming he waived certain rights in court not based on sound judgment or understanding. Appellant requests different counsel to review and proceed with this appeal.

Appellant is entitled to effective assistance of counsel, and we have a duty to ensure that appellant's rights are protected. However, appellant does not have the right to dictate the counsel of his choosing and appointment of new counsel rests within the sound discretion of the trial court. *Carroll v. State*, 176 S.W.3d 249, 255 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). In those circumstances where the appointment of counsel may be necessary, an appellate court should abate the proceeding to the trial court for determination of this issue. Accordingly, we carry the motion, abate the appeal, and remand the cause to the trial court for further proceedings consistent with this order.

Upon remand, the trial court shall determine whether appellant is entitled to court-appointed counsel. If the trial court determines that new counsel should be appointed, the name, address, email address, telephone number, and state bar number of newly appointed counsel shall be included in the order appointing counsel. If the trial court determines appellant has abandoned this appeal and/or is not entitled to new court-appointment counsel, it shall issue such findings. The trial court shall further cause its

findings and/or order to be included in a supplemental clerk's record to be filed with the clerk of the court on or before the expiration of thirty days from the date of this order.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
25th day of March, 2022.