

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00301-CR
No. 07-23-00019-CR

**JOSE FALCON, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 462nd District Court
Denton County, Texas
Trial Court Nos. F21-3263-462 & F21-3264-462, Honorable Don Emerson, Sitting by Assignment

August 29, 2023

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Jose Falcon, appeals two convictions for theft[1] with concurrent sentences to nine years' confinement.[2] Appellant's appointed counsel filed an appellate brief on May 11, 2023. The State has filed a responsive brief. Now pending before the

---

[1] *See* TEX. PENAL CODE ANN. § 31.03.

[2] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

Court is Appellant's pro se motion requesting appointment of new appellate counsel. In the motion, Appellant claims that his attorney failed to adequately communicate with him and failed to raise significant points of error in his appellate brief. We remand for further proceedings.

A criminal defendant does not have the right to choose his own appointed counsel. *Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977). Thus, unless a defendant shows adequate reason for the appointment of new counsel, he must accept the counsel appointed by the trial court. *Id.* A defendant who is displeased with his appointed counsel must bring the matter to the attention of the trial court and has the burden of proof to show that he is entitled to a change of counsel. *Carroll v. State*, 176 S.W.3d 249, 255 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd); *see also* TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04(j)(2) (providing that the trial court has the responsibility for appointing counsel to represent indigent defendants in criminal cases, as well as the authority to relieve or replace appointed counsel). If the defendant makes an adequate showing, certain circumstances may warrant the trial court's exercising its discretion to discharge previously appointed counsel and appoint substitute counsel. *Id.*

Where the appointment of substitute counsel may be an issue, an appellate court should abate the proceeding to the trial court for determination. *See Garcia v. State*, No. 13-13-00013-CR, 2014 Tex. App. LEXIS 338, at *2 (Tex. App.—Corpus Christi–Edinburg Jan. 3, 2014, order) (per curiam) (not designated for publication) (remanding for a determination of whether appellant was entitled to new appointed counsel where his attorney allegedly failed to respond to appellant's concerns about issues in the appellate brief). Without considering the merits of Appellant's pro se motion, we consider it prudent

to resolve the issue of appointed counsel now rather than invite future litigation by a post-conviction collateral attack.  *See id.; Lerma v. State*, 679 S.W.2d 488, 493 (Tex. Crim. App. 1982).

Accordingly, we abate the appeals and remand the causes to the trial court for further proceedings.  Upon remand, the trial court shall determine the following:

(1)     whether Appellant still desires to prosecute the appeals;

(2)     whether Appellant is indigent;

(3)     whether Appellant has additional non-frivolous arguments that could be made on appeal;

(4)     whether Appellant's counsel's performance has been deficient;

(5)     if so, whether counsel's deficient performance prejudiced Appellant;

(6)     whether Appellant has been denied the effective assistance of counsel; and

(7)     whether new counsel should be appointed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions.  So too shall it include its findings of fact and conclusions of law on those matters and any matters it deems relevant and appropriate to the disposition of Appellant's pro se motion for new counsel.  The trial court shall file all orders and findings issued in a supplemental record and cause that record to be filed with this Court by September 28, 2023.  If it is determined that Appellant desires to proceed with the appeals, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

3

It is so ordered.

Per Curiam

Do not publish.

Yarbrough, J., dissenting.