

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00294-CR

---

TARA ZOE RIOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 085587-B-CR, Honorable Titiana Frausto, Presiding

---

April 14, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Tara Zoe Rios, appeals from her conviction by jury of the offense of driving while intoxicated with a child passenger under 15 years old, a state jail felony under Penal Code Section 49.045(b).[1] The jury assessed the maximum punishment of

---

[1] *See* TEX. PENAL CODE § 49.045 (describing offense of driving while intoxicated with child passenger).

24 months in state jail and $10,000 fine. Appellant challenges her conviction through several issues. We affirm.

## BACKGROUND

Appellant's vehicle was found on railroad tracks in Amarillo. Her five-year-old son was in the back seat. A railroad employee saw Appellant stumbling and smelling of alcohol. Appellant fled on foot with her son but was caught by an officer who administered field sobriety tests showing intoxication. A blood test revealed Appellant's blood alcohol concentration was 0.143, exceeding the 0.08 legal limit. Appellant was later charged as noted.

A judge sitting by assignment convened a pre-trial hearing. At the outset, Appellant's attorney[2] requested a continuance of trial proceedings, setting forth as grounds "some mental health, some drug use" by Appellant. Appellant interrupted the request, stating she wanted to proceed to trial that day. She expressed her displeasure with her attorneys. When told counsel would address the jury on her behalf, Appellant requested self-representation. She stated her attorneys would not do what she asked and were working against her.

Despite Appellant's repeated assertions that she desired to represent herself, the visiting judge told her they would not proceed to trial that day with her representing herself. The court instead offered Appellant the choice to (1) proceed with appointed counsel that

---

[2] Counsel was appointed to represent Appellant in this matter. Another attorney later substituted but after counsel and Appellant could not agree on representation, the originally-appointed attorney was again appointed to represent her.

day or (2) have the sitting judge rule on her self-representation request later. If Appellant chose the second, a *Faretta* hearing would be held at a later date, and a bond would be set at $15,000. After initially requesting jail and a phone call, Appellant ultimately chose to proceed with counsel, making statements that included, "Let's just get it over with," "let's go to trial right now then. Let's do it. That's the final answer. Let's finish this today. Bring the jury in. Let's do it. Period." After denying counsel's oral motion for continuance, the court proceeded to address other issues.

Appellant continued to assert her right to represent herself but also reiterated her desire to resolve the matter that day. She told the court she wanted the matter over with but "also [didn't] want to be railroaded again." After some additional discussion, Appellant said "Let's just do it. Let's just do it. Let's do it. Let's get it done. I'm sorry. I'll sit here and shut up. Let's go, but I'm testifying, so let's go."

**ANALYSIS**

Self-Representation

By her first three issues, Appellant challenges the trial court's denial of her right to represent herself, arguing the choice she was forced to make denied her constitutional rights. She queries: (1) when, as she did here, a defendant timely asserts the right to self-representation, does the structural and systemic right bar trial from the beginning before a *Faretta* hearing is held, (2) even if the right to self-representation may be waived or abandoned once requested and denied, does the record show she did so, and (3) was

she denied due process when she was required to choose between the right to self-representation and the right to a speedy trial.[3]  We overrule the issues.

Appellant argues when a defendant timely asserts the right to self-representation, a *Faretta* hearing is absolutely required before trial begins.  She contends this is a structural and systemic constitutional right that cannot be waived, citing *Faretta v. California's*[4] holding that unwanted counsel represents the defendant only "through a tenuous and unacceptable legal fiction."  Therefore, she claims, the trial court's failure to conduct such a hearing before proceeding to trial violated her constitutional rights.

Next, Appellant contends she never voluntarily waived her right to self-representation, noting that "one cannot waive or abandon a right one does not possess" since the trial court never granted the right.  She asserts she was forced to choose between two constitutional rights, that of self-representation and that of a speedy trial, which violated due process under *Simmons v. United States*, 390 U.S. 377, 394 (1968), which held "we find it intolerable that one constitutional right should have to be surrendered in order to assert another."  In making her argument, Appellant contends being forced to choose between indefinite incarceration or paying bond, versus unwanted counsel representation does not constitute voluntary waiver, but is instead acquiescence to avoid worse consequences.

---

[3] Appellant initially also raised another issue, arguing that if the State claimed she was incompetent to represent herself due to mental health issues or drug use, the same evidence would indicate incompetence to stand trial, requiring a stay for psychological evaluation under Article 46B.004(d).  In her reply brief, Appellant notes the State did not contest her competence and therefore, the issue is moot. Accordingly, we will not address it.

[4] 422 U.S. 806, 821, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975).

4

<u>Standard of Review and Applicable Law</u>

A trial court's decision on a defendant's request to represent herself is reviewed under an abuse of discretion standard. *See Chadwick v. State*, 309 S.W.3d 558, 561 (Tex. Crim. App. 2010). Additionally, the "control of the business of the court is vested in the sound discretion of the trial judge." *Marquez v. State*, 921 S.W.2d 217, 223 (Tex. Crim. App. 1996). We view the evidence in the light most favorable to the trial court's ruling. *Lathem v. State*, 514 S.W.3d 796, 802 (Tex. App.—Fort Worth 2017, no pet.).

"It is well established that every criminal defendant has the constitutional right to the assistance of counsel, although not counsel of [her] own choice, and the constitutional right to represent [her]self." *Id.* In *Faretta*, the Court held that a defendant has a constitutional right to proceed without counsel when he or she voluntarily, knowingly, and intelligently chooses to do so, and the state may not constitutionally force a lawyer upon him or her. *Faretta*, 422 U.S. at 821. While a defendant has a fundamental right to represent him or herself, representation by counsel is the standard, not the exception, and there is a strong presumption against the waiver of the right to counsel. *Id.* at 813–14. The Sixth Amendment "embodies two competing rights because exercising the right to self-representation necessarily means waiving the right to counsel." *Lathem*, 514 S.W.3d at 802.

The right of self-representation must be timely, clearly, and unequivocally asserted. *Faretta*, 422 U.S. at 835. "When the plain, ordinary, and generally accepted meaning of an accused's statements signify a desire to proceed pro se, the right is clearly and unequivocally asserted." *Cochnauer v. State*, No. 02-19-00165-CR, 2021 Tex. App.

5

LEXIS 7387, at *10 (Tex. App.—Fort Worth Sept. 2, 2021, no pet.) (mem. op., not designated for publication) (citing *Lathem*, 514 S.W.3d at 808). That right may, however, be waived after it has been asserted.

To be effective, a defendant's waiver of her right to self-representation must be made voluntarily, knowingly, and intelligently. *Anderson v. State*, No. 02-23-00211-CR, 2024 Tex. App. LEXIS 5309, at *8–9 (Tex. App.—Fort Worth July 25, 2024, pet. ref'd) (mem. op., not designated for publication). To assess an effective waiver, a court must consider the totality of the circumstances. *Id.* A trial court is not required to follow any formulaic questioning or particular script in ascertaining the effectiveness of the waiver. *Id.* at *9. Moreover, while the record must show a defendant waived her right to self-representation after it was asserted, "it is not subject to the same stringent standards as the waiver of the right to counsel." *Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986). A waiver may be found if it reasonably appears to the court that defendant has abandoned her initial request to represent herself. *Id.* "Of course, a defendant has not waived [her] right to self-representation if [she] has merely acquiesced to a trial court's unmistakable denial of [her] request to represent [herself]." *Id.*

Lastly, while a waiver must be voluntary, that does not mean, "that a court may not, under certain circumstances, require the defendant to select from a limited set of options a course of conduct regarding his representation." *Buchanan v. State*, No. 02-19-00311-CR, 2020 Tex. App. LEXIS 6245, at *9 (Tex. App.—Fort Worth Aug. 6, 2020, pet. ref'd) (mem. op., not designated for publication). "A criminal defendant may be asked, in the interest of orderly procedures, to choose between [self-representation] and

6

another course of action as long as the choice presented to [her] is not constitutionally offensive." *Id.*

Application

The record indicates Appellant expressed both a desire to go to trial on the day of the hearing and to represent herself. She vacillated between which was most important to her but, when faced with the option to proceed to trial that day with counsel or to wait for further proceedings with the sitting judge, she ultimately chose to move forward with counsel that day.

The choices posed to her by the assigned judge were constitutional and did not deprive her of any constitutional rights. *Buchanan*, 2020 Tex. App. LEXIS 6245, at *9. The visiting judge did not deny Appellant's right to represent herself. Indeed, he explicitly told Appellant she could represent herself, just not that day. Rather, Appellant was informed that if she chose that route, she could take that up with the sitting judge of that court at a later time. This distinguishes this case from those in which the trial court denied the defendant the right to self-representation. *See Lathem*, 514 S.W.3d at 812 (court found outright denial of defendant's request for self-representation was an abuse of discretion). *See also Alford v. State*, 367 S.W.3d 855, 865 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (finding abuse of discretion when trial court expressly denied request for self-representation and there was no indication of abandonment of that right).

Appellant argues "one cannot waive or abandon a right one does not possess." Here, however, Appellant asserted her right to represent herself and thus, "possessed" it at that time. The court did not deny her request, but rather presented her with a valid

choice to proceed on that path or to choose another with counsel representing her. Appellant waived her right to represent herself and chose to continue proceedings with counsel so that resolution of the criminal charges against her could be reached. Appellant was not, at any time, denied the right to represent herself; she was simply given the choice to proceed with counsel or proceed with her request to represent herself at a later time.

Moreover, Appellant was not forced to choose between two constitutional rights, i.e., that of self-representation and that of a speedy trial. The matter was set to proceed with the jury trial the day after the pre-trial hearing. And, the record shows the sitting judge did return the following day and conducted a trial on the merits. Appellant did not re-urge her request to represent herself at the start of trial. The defense announced ready, and Appellant entered her plea of "not guilty" without reference to any desire to represent herself.

The trial court provided two constitutionally acceptable choices to Appellant. Appellant chose one of those options and thus waived her right to self-representation. Having found valid waiver, no *Faretta* hearing was required. *See Carroll v. State*, 176 S.W.3d 249, 255 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (the trial court's failure to hold a *Faretta* hearing is not error if the court determines defendant abandoned the request to proceed pro se). We find no requirement, as Appellant suggests, a *Faretta* hearing is absolutely required under these circumstances.

Bill of Cost Issues

Lastly, Appellant challenges the assessed fine and court costs. The trial court initially ordered payment of fines and costs but then entered an addendum waiving them

8

due to indigence.  But, because the Bill of Cost included a $10,000 fine and $435 in court costs, Appellant initially requested deletion of same.

The record reflects a Bill of Cost that shows an initial amount due of $10,435.00. It also shows the amount previously credited to be $10,435.00 and indicates the remaining amount due is $0.00.  In her reply brief, Appellant concedes the Bill of Cost "does indeed reflect that [Appellant] will be charged nothing."  There is thus nothing to reform and we overrule the issue.

## CONCLUSION

Having overruled each of Appellant's issues, we affirm the judgment of the trial court.

Alex Yarbrough
Justice

Do not publish.